GUNDERMAN v. STATE OF INDIANA.

[No. 26,093.   Filed July 6, 1934.   Rehearing denied February 19, 1935.]

516

*Hawley O. Burke,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Special Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was convicted of attempted rape, upon an affidavit charging rape as defined in §2429, Burns Ann. Ind. St. Supp. 1929, §10-4201, Burns Ind. St. Ann. 1933, §2422, Baldwin's 1934, Acts 1927, ch. 201, p. 576. He assigns as error the court's action in overruling (1) motion to quash, (2) motion in arrest of judgment, and (3) motion for new trial. In support of the motion to quash appellant contends that the Elkhart superior court was without jurisdiction to hear and determine the cause for the reason that the affidavit was not properly filed in the superior court. As a basis for this contention appellant makes the following statement:

"In this case the affidavit upon which appellant was tried and convicted was made on the 21st day of December, 1930, and filed in the City Court of the City of Elkhart before the Honorable Arthur H. Conley, Judge thereof as an examining magistrate and constituted the charge upon which appellant was, on the 9th day of January, 1931, recognized to appear at the next or February, 1931, Term of the Elkhart Superior Court to answer such charge as might be there filed against him. This same affidavit was filed with the Clerk of the Elkhart Superior Court together with the transcript and recognizance bond by the said Judge of said City Court on the 4th day of March, 1931. The same affidavit, without being resworn to or endorsed or signed by the prosecuting attorney, was refiled in the Elkhart Superior Court on the 2nd day of April, 1931, under

pretext of authority of Section 2103 R. S. 1926."
Appellant's brief, pp. 35-36.

Appellant's contention that the superior court was
without jurisdiction depends ultimately upon the cor-
rectness of two assumptions:

(1) Under the record facts, as set out above, juris-
diction could be acquired only by virtue of the pro-
visions of chapter 51 of the Acts of 1911, as amended
by chapter 252 of the Acts of 1921. (§2103, Burns,
etc., 1926, §9-712, Burns, etc., 1933, §2096, Baldwin's
1934).[1]

(2) Chapter 252 of the Acts of 1921 is unconstitu-
tional in that it contravenes Art. IV, §19 of the Indiana
Constitution.

We think, however, that the Elkhart superior court
acquired jurisdiction to hear and determine the cause

Note 1.  The title to the act of 1911 is as follows: "An Act to
provide for collection of fees, for justices of the peace and con-
stables, and other officers having like jurisdiction and powers, in
preliminary examinations, in felony cases, and in misdemeanor
cases in which the lowest fine provided by law is larger than the
justice or other officer of like jurisdiction has power to assess, and
repealing all laws and parts of laws in conflict therewith."  The
Act provides: "That in all cases where preliminary examinations
are held by a justice of the peace, or other officer of like juris-
diction, under the laws of the State of Indiana, upon a felony
charge, or for or upon misdemeanors in which the lowest fine pro-
vided by law is larger than the justice or other officer of like juris-
diction, shall have power to assess, and the person or persons who
are thus charged with such misdemeanor, are recognized to appear
at the next term of the circuit or criminal court, of the county in
which such examination is held, as provided by law, or when the
offense is not a bailable offense, and the person or persons, so
charged, shall be committed to jail until trial in such criminal or
circuit court of such county, then, and in either case, the justice of
the peace, or other officer of like jurisdiction, under the laws of
the State of Indiana, shall make out an itemized list of all the costs
made in his court, in such preliminary examination, and shall
certify to such list, and file the same with the clerk of the criminal
or circuit court of such county in which such person or persons so
recognized are held for trial, and such costs shall be taxed up,
and collected by the said clerk of such criminal or circuit court as
a part of the cost in such case in such circuit or criminal court, in
which such person or persons is tried."  Section 2 is a repealing
clause.

The title and act of 1921 are as follows: "An act to amend sec-
tion 1 of an act entitled" (here is contained the full title to the act

by virtue of other provisions of our statutes and without reference to the Act of 1921, *supra*. We call attention to the following:

(A) "Any justice of the peace or city judge, on complaint made on oath before him, charging any person with the commission of any felony or misdemeanor, shall issue his warrant for the arrest of such person, and cause him to be brought forthwith before him for examination or trial, . . ." §2092, Burns, etc., 1926, §9-701, Burns, etc., 1933, §2071, Baldwin's 1934, Acts 1905, ch. 169, §62, p. 584.

(B) "When the offense charged is a felony, or a misdemeanor in which the lowest fine provided by law is larger than the justice shall have jurisdiction to assess, and the justice, upon the hearing, is of the opinion that the accused should be held to answer such charge, he shall be recognized to appear at the next term of the criminal court of such county, or if there be no criminal court, then to the circuit court of such county." §2101, Burns, etc., 1926, §9-711,

---

of 1911, as above set out) "approved February 27, 1911. That in all cases where preliminary examinations are held by a justice of the peace, or other officer of like jurisdiction, under the laws of the State of Indiana, upon a felony charge, or for or upon misdemeanors in which the lowest fine provided by law is larger than the justice or other officer of like jurisdiction, shall have power to assess, and the person or persons who are thus charged with such misdemeanor, are recognized to appear at the next term of the circuit or criminal court, of the county in which such examination is held, as provided by law, or when the offense is not a bailable offense, and the person or persons, so charged, shall be committed to jail until trial in such criminal or circuit court of such county, and if there be no grand jury in session at the term of court at which such person or persons so recognized to appear may be tried in the circuit or criminal court upon the affidavit filed before such justice of the peace or other officer of like jurisdiction, if such affidavit shall be approved by the prosecuting attorney by endorsement thereon by using the words, 'Approved by me,' and signed by him as such prosecuting attorney may at the time of so endorsing his approval on the same also endorse thereon the names of all the material witnesses, or a new affidavit may be filed in such circuit or criminal court; then and in either case, the justice of the peace, or other officer of like jurisdiction, under the laws of the State of Indiana, shall make out an itemized list of all the costs made in his court, in such preliminary examination, and shall certify to such list, and file the same with the clerk of the criminal or circuit court of such county in which such person or persons so recognized are held for trial, and such costs shall be taxed up, and collected by the said clerk of such criminal or circuit court as a part of the cost in such cases in such circuit or criminal court, in which such person or persons is tried."

Burns, etc., 1933, §2080, Baldwin's 1934, Acts 1905, ch. 169, §72, p. 584.

(C) "Such recognizance, together with a transcript of the proceedings and all papers in the case, shall be forthwith filed with the clerk of the proper court, who shall docket such cause for trial and record such recognizance forthwith, and enter the same on the judgment docket; and from the date of such entry it shall operate as a lien upon all lands in the county of the parties thereto, and any judgment afterward had upon it shall relate back to the date of such entry." §2113, Burns, etc. Supp. 1929, §9-723, Burns 1933, §2092, Baldwin's 1934, Acts 1927, ch. 132, §3, p. 411.

It follows from the foregoing that a person can be arrested and brought before a justice of the peace or a city judge upon an affidavit ("complaint made on oath") charging a felony. It is then the duty of the justice or city judge to recognize the accused to appear at the next term of the criminal or circuit court of the county. Section 2113, Burns, etc., Supp. 1929, section (C), *supra,* authorizes the filing of the recognizance, transcript of proceedings and all papers in the case with the clerk of the criminal or circuit court, who is directed to "docket such cause for trial." This would seem to confer jurisdiction upon the criminal or circuit court to hear and try the cause upon "the complaint made on oath" before the justice of the peace or city judge, regardless of whether the "complaint on oath" was approved by the prosecuting attorney. But we think the following statutory provisions must be considered:

(D) "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when the grand jury is in session or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit." §2150, Burns, etc., 1926, §9-908, Burns 1933, §2131, Baldwin's 1934, Acts 1905, etc., §118.

This section was amended in 1927 to read as follows:

(E) "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit.

"And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, who may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time." §2150, Burns, etc., Supp. 1929, §9-908, Burns, etc., 1933, §2131, Baldwin's 1934, Acts 1927, ch. 132, §4, p. 411.

(F) "When any such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney and indorse thereon the names of all the material witnesses; after which such affidit shall be filed with the clerk, who shall indorse thereon the date of such filing, and record the same as in the case of an indictment; as provided in section one hundred and thirteen of this act. . . ." §2151, Burns, etc., 1926, §9-909, Burns, etc., 1933, §2132, Baldwin's 1934, Acts 1905, etc., §119.

The foregoing sections reveal a legislative intent to require that prosecutions in the criminal or circuit court be based upon affidavits which have the sanction of the personal approval of the prosecuting attorney. When (C) is considered with (D), (E), and (F), *supra,* we think we must conclude that a defendant who has been recognized to appear in a criminal or circuit court upon the affidavit charging a felony and originally filed with the justice of the peace, or officer of like jurisdiction, cannot be tried upon the original affidavit unless the approval of the prosecuting attorney is endorsed thereon.

In the cases of *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103, and *Wischmeyer* v. *State* (1929), 200 Ind. 512, 165 N. E. 57, this court apparently held that

the Act of 1921, *supra,* had the effect of preventing the
the trial of a defendant recognized to appear in criminal
or circuit court upon the affidavit originally filed with
the justice of the peace, or officer of like jurisdiction,
unless the approval of the prosecuting attorney were
endorsed thereon. And in the case of *McSwane* v. *State*
(1929), 200 Ind. 548, 165 N. E. 319, the court con-
sidered the Act of 1921 as furnishing the authority for
trial in circuit or criminal court upon the affidavit or-
iginally filed with the justice of the peace or city
judge, if endorsed with the approval of the prosecuting
attorney. As already indicated we agree with the fore-
going cases as to the necessity of the prosecuting at-
torney's indorsement of approval upon an affidavit
originally filed in a justice of the peace court or city
court. But we think this necessity results from the
provisions of §2113, Burns, etc., 1929, (C), *supra,* as
modified by the requirements of §2150, Burns, etc.,
1926, (D) *supra,* §2150, Burns, etc., 1929, (E) *supra,*
and §9-909, Burns, etc., 1933, (F) *supra.* Consequently
it is immaterial to the instant question whether §9-712,
Burns, etc., 1933 (ch. 252, Acts 1921), *supra,* is, or is
not, constitutional.

The affidavit in question was subscribed and sworn to
before the prosecuting attorney on the 21st day of
December, 1930, and on that day filed in the city
court. It bears the following indorsement: "Ap-
proved by me, Glen R. Sawyer, Prosecuting At-
torney, Filed Mar. 4, 1931, Milo H. Cripe, Clerk Elk-
hart Superior Court." We hold that when the tran-
script of the proceedings in the city court, together
with the affidavit indorsed by the prosecuting attorney,
and the recognizance bond were filed with the clerk of
the superior court the latter court acquired jurisdic-
tion of the criminal cause as charged in the affidavit;

further we hold that such jurisdiction was conferred by §§2113, *supra,* (C), §9-908, *supra,* (E) and §9-909, *supra,* (F).

We might add that we recognize that appellant is correct in his contention that the title of the act of 1921 is too limited to authorize the inclusion in the body of the act of legislation to prescribe procedure to be followed in order to give jurisdiction to a criminal or circuit court to try a cause originating in an inferior court. An examination of the act (supra, p. n. 1) reveals that it is unintelligible, without interpolations, insofar as it purports to treat of such procedure; and there is no definite declaration that the various acts recited give jurisdiction to a criminal or circuit court. We are of the opinion that it cannot be construed as authorizing more than a method of taxing and collecting the fees and costs incurred in the preliminary examination in the justice of the peace courts and courts of like jurisdiction in all cases where a person is charged with a felony or certain misdemeanors and is "recognized to appear at the next term of the circuit or criminal court of the county," and authorizing such fees and costs to be taxed and collected without regard to whether the trial in the criminal or circuit court is upon the affidavit which was filed in the court of preliminary examination or is upon a new affidavit filed in the criminal or circuit court.

The appellee points out that in the instant case the cause was set for issue and tried upon an affidavit filed in term time bearing the prosecuting attorney's approval, which affidavit was filed in open court "on the 2nd day of April, 1931, the same being the 52nd Judicial Day of the February, 1931, Term of the Elkhart Superior Court." The affidavit was sworn to on December 21, 1930, and is the one originally filed in the city court. Appellant insists that §§9-908 and 9-

909, Burns, etc., 1933, *supra,* "require that in order to give the court jurisdiction in a case begun by filing an affidavit in term time, the affidavit must be made, endorsed and signed by the prosecuting attorney in term time," citing the case of *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796.

The question before the court in that case was whether a motion to quash would lie for the lack of the prosecuting attorney's approval endorsed upon the affidavit upon which appellant was tried in circuit court. The prosecution was apparently commenced by an affidavit, charging the offense, filed in circuit court. The court had §§118 and 119 of the then recently enacted Criminal Code under consideration, (§§2150 and 2151, Burns, etc., 1926, *supra*) and said p. 395:

> "By the change made under §1989 (§2150, *supra*) in our criminal code, the legislature intended that the method authorized under the old code of prosecuting a criminal offense on affidavit and information should be eliminated, and that all public offenses, except treason and murder, may be prosecuted upon affidavit alone. It was intended that such affidavit should be substituted as a pleading upon the part of the State for the information authorized by the old code, and that it alone should perform all of the functions of an affidavit and information.
>
> "It will be noted that §1990, *supra* (§2151, *supra*) expressly requires that the prosecuting attorney shall approve the affidavit by indorsement, using the words 'approved by me,' and subscribe or sign his name to such approval, after which the affidavit shall be filed with the clerk of the court, who shall indorse thereon the date of the filing, and record the same as in case of an indictment, as provided by §113 of the act (Acts 1905, pp. 584, 610, §1984, Burns 1908). It is further provided that the record of such affidavit, and the indorsement thereon (that is, the record made by the clerk under §1984, *supra*), or a copy thereof certified to be a true copy by the clerk, shall be sufficient evidence of the making and filing of the affidavit and the contents thereof. The legislature appears to have made the approval of the affi-

davit by the State's representative a condition or requirement preceding its filing with the clerk of the court and the recording thereof by the latter officer, and it can have no standing or effect as a pleading or document in the case until authenticated by the approval of the prosecuting attorney, as the law exacts.

"The word 'filed' as used in the clause 'by affidavit filed in term time,' as the same appears in §1989, *supra* (§2150, Burns 1926) evidently was intended for 'made,' and such clause should be read, 'by affidavit made in term time,' instead of 'filed.' The legislature certainly did not intend that there should be dual filing of the affidavit with the clerk."

The conclusion reached by the court in holding that the approval of the prosecuting attorney must be upon the affidavit to withstand motion to quash did not require the court to construe 'filed' as used in §118 (§2150) to mean 'made,' and considering §§118 and 119 (§§2150 and 2151, Burns, 1926) together, we do not think that such a meaning was intended. A general authorization for the prosecution of all public offenses, except treason and murder, by affidavit in circuit or criminal court was provided by §118 (§2150, Burns 1926) whereas §119 (§2151, Burns, 1926) sets out certain specific requirements of such an affidavit relating to endorsement of the prosecuting attorney's approval, names of witnesses, and its filing and recording and the effect to be given thereto.

By Acts 1927, ch. 132, §4, p. 411, §9-908, Burns, etc., 1933, §2150, Burns, etc., 1929, *supra,* the General Assembly enlarged the general authorization of §118, *supra,* to prosecute all public offenses except treason and murder by affidavit, by eliminating the words "except when the grand jury is in session" and also provided that with the approval of the judge of the court "such affidavit may be filed in vacation as in term time," setting out the subsequent steps which may then be taken by such judge. The words 'filed in term

time' and 'filed in vacation' as used in the section as amended refer only to the time of the filing of the affidavit and do not purport to specify when such affidavit shall be made. There is no statutory provision that an affidavit filed in term time shall have been made in term time and we see no reason for adding such a requirement to our code of criminal procedure. The affidavit filed on April 2, 1931, was not defective on account of its not having been made in term time. Consequently, the filing of April 2nd was in legal effect the same as an original filing in term time in the superior court.

Under his discussion of his motion in arrest of judgment and instructions number 15 and 17 given upon the court's own motion, appellant contends that the offense of which he was found guilty by the jury, assault and battery with intent to commit rape, is not included in the offense of rape as charged in the affidavit upon which he was tried.[2] The jury were instructed that under the issues in this case they might find the defendant guilty of rape, rape in the second degree, assault and battery with intent to commit rape, or assault and battery; and the statutes defining those offenses were read.[3]

*Note 2.* The affidavit charged that appellant "did then and there, unlawfully, feloniously and forcibly make an assault in and upon one Alta M. Longacre, a woman then and there being, and did then and there, forcibly and against her will, unlawfully and feloniously ravish and carnally know her, the said Alta M. Longacre, contrary," etc.

*Note 3.* "Whoever, unlawfully, has carnal knowledge of a woman forcibly against her will, . . . . is guilty of rape in the first degree, and, on conviction shall be imprisoned in the state prison for not less than five nor more than twenty-one years . . ."

"A person who perpetrates an act of sexual intercourse with a female not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and on conviction, shall be punished by imprisonment in the state prison for not less than one nor more than ten years." §2429, Burns Supp. 1929, §10-4201, Burns 1933, §2422, Baldwin's 1934, Acts 1927, ch. 201, §2, p. 576.

"Whoever perpetrates an assault and battery upon any female person with intent to have carnal knowledge of such female person

The gist of appellant's contention is that the affidavit includes the offense of assault and battery with intent to commit rape forcibly and against the will of the prosecutrix but that the offense of which he was found guilty consisted of assault and battery with intent to commit rape without reference to whether such rape was intended to be forcible and against the will of the prosecutrix; that the latter act is an offense under §2417, Burns, etc., 1929, §10-401, Burns, etc., 1933, §2410, Baldwin's 1934, Acts 1927, ch. 203, §2, p. 580,[4] and is not included within the offense charged in the affidavit in this case.

There can be no question that the offense of which appellant was found guilty was the one defined by the statute as attempted rape though it was described in the verdict as "assault and battery with intent to commit rape." In defining "assault and battery with intent to commit rape" the court gave to the jury the statutory definition of "attempted rape" which included the element of an intention to have carnal knowledge forcibly and against the will of the prosecutrix; whereas no instruction was given that described the offense of assault and battery with intention to have carnal knowledge without the elements of force and unwillingness on the part of the prosecutrix. In directing forms of verdict the offense defined was referred to as "assault and battery with intent to commit rape" rather than as "attempted rape". As was said in the

forcibly and against her will, shall be deemed guilty of attempted rape, and on conviction thereof, shall be fined in any sum not exceeding $1,000 and shall be imprisoned in the state prison for not less than five nor more than twenty-one years." §2429, Burns, etc., 1926, §10-4202, Burns 1933, §2421, Baldwin's 1934, Acts 1921, ch. 148, §1, p. 373.

Note 4. "Whoever perpetrates an assault or an assault and battery upon any human being with intent to commit a felony, shall, on conviction, be imprisoned in the state prison for not less than one nor more than ten years." §2417, Burns, etc. 1929, §10-401, Burns, etc. 1933, §2410, Baldwin's 1934, Acts 1927, ch. 203, §2, p. 580.

case of *Leinberger* v. *State* (1933), 204 Ind. 311, 183 N. E. 798, "the language of the verdict is not appropriate to express an intention of finding the defendant guilty of any of the crimes charged except 'attempted rape,' and may be easily and reasonably construed as finding them guilty of that crime," though it would have been better had the court referred to the offense as "attempted rape." Instructions 15 and 17, given upon the court's own motion, referred to the offense of attempted rape which was properly included in the affidavit.

Instruction No. 9, given by the court upon its own motion is objected to by appellant because it directs the jury to "weigh the instruction given . . . as you weigh the facts." The entire instruction is as follows:

"You are also the judges of the law as well as of the facts. You can take the law as given and explained to you by the court, but, if you see fit, you have a legal and constitutional right to reject the same and determine the law for yourselves.

"Notwithstanding you have the legal right to disagree with the court as to what the law is, still, you should weigh the instructions given you in the case as you weigh the facts and disregard neither without proper reasons."

The jury must have understood that neither "instructions" nor "facts" should be disregarded without proper reasons, which is correct. This court has expressed its disapproval of instructions which included phrases similar to "weigh the instructions given you in the case as you weigh the facts" for fear that the jury might be confused as to the effect to be given instructions and we again disapprove instructions so worded, even though, as in the instant case the whole instruction is such that no injury resulted to the defendant.

By instruction No. 12, the court does not purport to enumerate to the jury all the elements of the offense of

rape, as appellant contends, but only instructed as to what fact constituted one of the elements of the offense of rape. The instruction was correct.

Appellant's objection to instruction No. 14 is that by it the jury were told that a charge of rape in the second degree, as defined in §10-4201, Burns, etc., 1933, *supra*, was included in the charge of rape in the affidavit. He contends that rape in the second degree is not included in the offense of rape in the first degree as defined in the same section, and points out that "there is no allegation in the affidavit that the woman was under the age of eighteen years nor that she was not the wife of defendant, nor that the carnal knowledge was not forcibly against her will." Two sections of our criminal code authorize conviction for an offense other than the precise one set out in the indictment or affidavit. They are as follows:

> "Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense." §2312, Burns, etc., 1926, §9-1816, Burns, etc., 1933, §2299, Baldwin's 1934, Acts 1905, ch. 169, §271, p. 584.
>
> "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit." §2313, Burns 1926, §9-1817, Burns 1933, §2300, Baldwin's 1934, Acts 1905, ch. 169, §272, p. 584."

By the express terms of our statute defining rape, first degree rape does not contain the elements of second degree rape. Consequently second degree is not an included offense of first degree rape. On the other hand, the proof sufficient to establish the offense of second degree rape would require evidence so completely at variance with the evidence that would be re-

quired to establish the offense of first degree rape that we are forced to conclude that it cannot be properly treated as an inferior degree of what is denominated in the statute as first degree rape. The offenses of first and second degree rape as defined in the statute must be treated as distinct offenses and not different degrees of the same offense.

It does not follow however that instruction No. 14 injured the appellant. He was not convicted of either first or second degree rape but of assault and battery with intent to commit rape which, as we have already indicated, constituted a conviction of attempted rape. Appellant insists that with instruction 14 before the jury the jury might have intended to convict appellant of assault and battery with intent to commit the felony of second degree rape. But in view of instruction No. 15 we are convinced that the jury could have had in mind only the offense of attempted rape as defined in §10-4202, Burns, etc., 1933, *supra*. Instruction No. 15 contains the following:

> "The statute of this case provides that whoever perpetrates an assault and battery upon any female person with intent to have carnal knowledge of such female person forcibly and against her will, shall be deemed guilty of attempted rape, and on conviction thereof, shall be fined in any sum not exceeding $1,000 and shall be imprisoned in the State's prison not less than five nor more than 21 years."

There is no other instruction on the subject of attempted rape or "intent to commit rape."

We conclude that appellant was not injured by instruction No. 14.

By requested instructions Nos. 9, 10, 11, 12, 13, 15, 16, 17, 23, and 25, refused by the court, appellant sought to charge the jury in various forms upon the law of reasonable doubt and as to the burden and sufficiency of the proof. The instructions given by

the court upon its own motion fully and fairly submitted the propositions of law contained in appellant's instructions. Instruction No. 20, requested by appellant and refused, was inconsistent in that is sought to tell the jury that "it is incumbent upon the State to show that the prosecuting witness had resisted with all the means she had within her power," and also, that "there must be resistance such as is reasonable under the circumstances." The instruction was properly refused because of the incorrect statement of the law therein contained. Requested instruction No. 22 correctly stated that assault and battery was included within the charge contained in the affidavit, of which fact the jury were advised by instructions given upon the court's own motion. It was not error to refuse the instruction because of the further statement contained therein to the effect that the jury might convict for assault and battery "even though the proof shows that the alleged rape was actually committed." *Cole* v. *State* (1922), 192 Ind. 29, 134 N. E. 867. The court did not err in refusing to give the instructions requested. Appellant's motion for new trial was properly overruled.

Judgment affirmed.