## DENTON v. THE STATE.

[No. 19,078.   Filed October 5, 1900.]

CRIMINAL LAW.—*Indictment.*—*Indorsement by Foreman of Grand Jury.*—An indictment which was not indorsed "a true bill" over the signature of the foreman of the grand jury who returned it into court is insufficient.

From the Orange Circuit Court.   *Reversed.*

*S. R. Lambdin,* for appellant.

*W. L. Taylor,* Attorney-General, *T. M. Honan, Rowland Evans, Merrill Moores* and *C. C. Hadley,* for State.

JORDAN, J.—Appellant was indicted by the grand jury of the Orange Circuit Court for violating §9 of an act of the legislature approved March 6, 1897, entitled an act "regulating the taxing of dogs," etc.   Acts 1897, p. 178.

A motion to quash the indictment was overruled, and upon a trial by the court appellant was convicted of the charge, and fined in the sum of $1.   From this judgment he appeals, and assigns as error the action of the trial court in denying his motion to quash the indictment.   The constitutional validity of the statute upon which this prosecution is based is assailed.

The indictment is clearly bad, for the reason alone that it does not appear to have been indorsed as a true bill over the signature of the foreman of the grand jury who returned it into court.   This the statute requires, and the record on appeal to this court must affirmatively disclose that fact.   The motion to quash the indictment should have been sustained for this reason.   *State* v. *Buntin,* 123 Ind. 124; Gillett's Crim. Law (2nd ed.), §116, and cases there cited.

As this infirmity in the indictment requires a reversal of the judgment, we do not deem it necessary to decide the questions relative to the constitutional validity of the stat-

ute, as they are not essential to a disposition of the appeal.

The judgment is reversed, and the cause remanded to the lower court.