## COLE *v.* THE STATE.

[No. 21,011.   Filed November 26, 1907.]

1. INDICTMENT AND INFORMATION.—*Failure of Prosecuting Attorney
   to Approve.*—The failure of the prosecuting attorney to indorse
   on an affidavit charging defendant with the commission of a
   crime the words· "approved by me," as required by §1990 Burns
   1908, Acts 1905, pp. 584, 611, §119, is fatal on a motion to quash.
   pp. 394, 395.
2. SAME.—*Affidavits.*—*Statutes.*—Under §1989 Burns 1908, Acts
   1905, pp. 584, 611, §118, any offense except treason or murder
   may be prosecuted upon an affidavit alone.   p. 395.
3. STATUTES.—*Words and Phrases.*—*"Filed."*—*Criminal Law.*—The
   word "filed," as used in §1989 Burns 1908, Acts 1905, pp. 584, 611,
   §118, providing that "all· offenses except treason and murder may
   be prosecuted * * * by affidavit filed in term time," when con-
   sidered in connection with the following section evidently means
   "made." p. 396.
4. INDICTMENT AND INFORMATION.—*Amendments.*—An affidavit
   may, upon leave, be amended before trial by permitting the prose-
   cuting attorney to insert his indorsement "approved by me"
   thereon.   p. 397.

From Washington Circuit Court; *Thomas B. Buskirk*, Judge.

Prosecution by the State of Indiana against Johnnie Cole. From a judgment of conviction, defendant appeals. *Reversed.*

*J. M. Fippen* and *Frank B. Fippen*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling*, for the State.

JORDAN, J.—Appellant was prosecuted upon an affidavit for having violated the provisions of §388 of the act of 1905 (Acts 1905, pp. 584, 670, §2280 Burns 1908), by unlawfully trespassing on certain described lands situated in Washington county, Indiana, and owned by Frank A. Bundy. He unsuccessfully moved to quash the affidavit. Upon his plea of not guilty, he was tried by a jury and a verdict returned, finding him guilty as charged and assessing his punishment at a fine of $5. He moved in arrest of judgment and for a new trial. These motions the court overruled, and rendered judgment on the verdict. Appellant appealed, and the only error assigned is the overruling of the motion to quash the affidavit.

The argument advanced by counsel to show that the trial court erred in denying the motion to quash is that the affidavit does not contain the indorsement of the prose-

1. cuting attorney, "approved by me," as required by §119 of the act concerning public offenses (Acts 1905, pp. 584, 611, §1990 Burns 1908. An examination of the affidavit as it appears in the record verifies the contention of counsel for appellant in respect to the indorsement thereon, for there is an entire absence of the indorsement by the prosecuting attorney as required by §1990, *supra*. Section 118 of the act in question (§1989 Burns 1908) provides that "all public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time," etc. Section 1990, *supra*, reads as follows:

''When any such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney and indorse thereon the names of all the material witnesses; after which such affidavit shall be filed with the clerk, who shall indorse thereon the date of such filing, and record the same as in the case of an indictment, as provided in section 113 of this act. Other witnesses may afterwards be subpoenaed by the State; but unless the names of such witnesses be indorsed on the affidavit at the time it is filed, no continuance shall be granted to the State on account of the absence of any witness whose name is not thus indorsed. And the record of such affidavit and the indorsements thereon, or a copy thereof certified to be a true copy by the clerk of the court, shall be sufficient evidence of the making and filing of such affidavit and the contents thereof; and the defendant may be tried upon such copy, all as provided in section 115 of this act in case of trial on copy of indictment.''

By the change made under §1989, *supra,* in our criminal code, the legislature intended that the method authorized under the old code of prosecuting a criminal offense on affidavit and information should be eliminated, and that all public offenses, except treason and murder, may be prosecuted upon affidavit alone. It was intended that such affidavit should be substituted as a pleading upon the part of the State for the information authorized by the old code, and that it alone should perform all of the functions of an affidavit and information.

2.

It will be noted that §1990, *supra,* expressly requires that the prosecuting attorney shall approve the affidavit by indorsement, using the words ''approved by me,'' and subscribe or sign his name to such approval, after which the affidavit shall be filed with the clerk of the court, who shall indorse thereon the date of the filing, and record the same as in case of an indictment, as provided by

1.

§113 of the act (Acts 1905, pp. 584, 610, §1984 Burns 1908). It is further provided that the record of such affidavit, and the indorsement thereon (that is, the record made by the clerk under §1984, *supra*), or a copy thereof certified to be a true copy by the clerk, shall be sufficient evidence of the making and filing of the affidavit and the contents thereof. The legislature appears to have made the approval of the affidavit by the State's representative a condition or requirement preceding its filing with the clerk of the court and the recording thereof by the latter officer, and it can have no standing or effect as a pleading or document in the case until authenticated by the approval of the prosecuting attorney, as the law exacts.

The word "filed" as used in the clause "by affidavit filed' in term time," as the same appears in §1989, *supra,* when read in the light of §1990, *supra,* evidently was in-

3. tended for "made," and such clause should be read, "by affidavit made in term time," instead of "filed." The legislature certainly did not intend that there should be a dual filing of the affidavit with the clerk. By §110 of the same statute (§1981 Burns 1908) it is provided that when an indictment is found by a grand jury it must be signed by the prosecuting attorney and indorsed by the foreman of the grand jury as "a true bill," to which indorsement he must subscribe his name. This is but a reënactment of the same provision found in our former criminal codes, and certainly is no more mandatory than is the provision of §1990, *supra,* requiring the prosecuting attorney to approve the affidavit as therein required. The language used in §1981, *supra,* is: "It [the indictment] must also be indorsed by the foreman," etc., as a true bill, and his name subscribed to such indorsement; while the language employed by §1990, *supra,* is: "The prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same," etc. As far back as the appeal of *Townsend* v. *State* (1828), 2 Blackf. 151, this

court, in effect, held that the indorsement, "a true bill," by the foreman of a grand jury was material. In fact, under the common law it was held to be essential to the validity of the indictment. 22 Cyc. Law and Proc., 254.

In *Johnson* v. *State* (1864), 23 Ind. 32; *Strange* v. *State* (1887), 110 Ind. 354; *State* v. *Buntin* (1890), 123 Ind. 124, and *Denton* v. *State* (1900), 155 Ind. 307, and many other cases, this court has held that in the absence of the indorsement imperatively required by the statute, an indictment must be held bad on a motion to quash. These decisions are decisive of or at least influential upon the question presented in this case. There can be no question but

4. that the lower court, upon discovering that the prosecuting attorney had failed or neglected to approve the affidavit in dispute, might, before the beginning of the trial thereon, have permitted him to approve it as required by the statute. His neglect or failure to discharge a plain and important official duty certainly renders him deserving of unfavorable criticism. In the absence of the required approval of the affidavit in controversy by the prosecuting attorney, appellant's motion to quash should have been sustained. The lower court, therefore, erred in overruling the motion.

Judgment reversed and cause remanded.