Hicks v. State—185. Ind. 223.

## HICKS v. STATE OF INDIANA.
[No. 23,064. Filed October 5, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Evidence.*—*Sufficiency.*—In a prosecution for the crime of assault and battery, the finding of the jury, upon evidence tending to prove each element of the offense charged, that the defendant was guilty is final as to the issues of fact, since the Supreme Court has no power to weigh conflicting evidence. p. 224.

2. CRIMINAL LAW.—*Indictment.*—*Failure of Prosecuting Attorney to Indorse Approval.*—*Time for Objections.*—While it would have been error for the trial court to have overruled a motion to quash an indictment not properly signed by the prosecuting attorney, yet it is sufficient as to such objection raised for the first time by a motion in arrest of judgment, since an indictment can be attacked after verdict only on the ground that it fails to state facts sufficient to constitute a public offense. p. 225.

From Marion Criminal Court (44,212); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Albert M. Hicks. From a judgment of conviction, the defendant appeals. *Affirmed.*

*C. R. Cameron, Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

ERWIN, J.—This action was brought in the form of a criminal prosecution against appellant charging him with the crime of assault and battery on the person of one Elnora A. Carson. A trial by jury was had, which resulted in a verdict of guilty against appellant and fixing as the penalty a fine of $300 and sixty days' imprisonment in the county jail. From a judgment on the verdict appeal is taken.

But two questions are presented for our consideration, namely, the sufficiency of the evidence to sustain the verdict, and the alleged error of the court in permitting the prosecuting attorney to sign the indictment after arraignment and a plea of not guilty.

As to the first question presented, we find that there was legal evidence from which the jury trying the case had the right to infer that appellant

1. willfully and intentionally, in a rude, insolent and angry manner, committed the touching of the injured party; and this court has no power to weigh conflicting evidence. The jury having settled the issues of fact in the cause, this court has no right under the Constitution to disturb their finding. *Schneider* v. *State* (1913), 181 Ind. 218, 104 N. E. 69.

Appellant interposed no motion to quash the

unsigned indictment before the court permitted the prosecuting attorney to sign the same, nor

2. after being so signed; it was questioned for the first time on a motion in arrest of judgment. Had appellant entered a motion to quash the unsigned indictment, it would have been error to overrule the motion. *Robinson* v. *State* (1911), 177 Ind. 263, 264, 97 N. E. 929; *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796.

It is too late after verdict to assail an indictment, except on the single ground that it fails to state facts sufficient to constitute a public offense. *Robinson* v. *State, supra,* and cases cited on page 265.

There being no irregularities in the trial of the cause which could in anywise prejudice the substantial rights of appellant (§2221 Burns 1914, Acts 1905 p. 657), the judgment is affirmed.

NOTE.—Reported in 113 N. E. 722. Time and method for objecting to the sufficiency of an indictment, 1 Ann. Cas. 479; 12 Cyc 760.