## PEASE v. STATE OF INDIANA.

[No. 10,690.   Filed January 6, 1921.]

1. COURTS.—*Jurisdiction.*—*Elements.*—The word "jurisdiction" is sometimes used in a general sense, in which it signifies the abstract right of a tribunal to exercise its power in causes of a certain class, and is sometimes used in the particular sense, in which it relates to the right of the tribunal to exercise its power with respect to a particular matter, general jurisdiction being conferred by constitution or statutes, and particular jurisdiction by instituting an action in a lawful and proper manner.   p. 574.

2. ACTION.—*Commencement.*—Under the Code an action is commenced when a complaint has been filed and a summons issued. p. 575.

3. COURTS.—*Criminal.*—*Jurisdiction.*—*Criminal Prosecutions.*— A criminal court has no jurisdiction in a criminal prosecution and cannot enter upon a trial until the prosecution has been commenced and perfected in a lawful and proper manner by the filing of an accusation either in the form of an indictment or affidavit.   p. 575.

4. JUDGMENT.—*Validity.*—*Want of Jurisdiction.*—The proceedings of a court without jurisdiction are a nullity and its judgment void.   p. 576.

5. INDICTMENT AND INFORMATION.—*Commencement of Criminal Prosecution.*—*Powers of Legislature.*—The power of the legislature to prescribe the regulations concerning the commencement of a criminal prosecution is plenary, and there must be a strict compliance with such requirements.   p. 576.

6. CRIMINAL LAW.— *Jurisdiction of Court.— Attacking After Judgment.*—The failure of accused to object to the prosecution on the ground that the court did not have jurisdiction, because the action had not been instituted in the manner prescribed by statute, did not estop him raising the question of jurisdiction after the rendition of judgment, since that question is a matter between the legislature and the court and not between the parties.   p. 577.

7.  COURTS.—*Jurisdiction.—How Conferred.*—The jurisdiction of the courts is in reality a power inherent in the state, and is conferred on the courts either directly by the people through their Constitution, or indirectly through the legislature by laws duly enacted.  p. 577.

8.  INFANTS.— *Encouraging  Delinquency.— Prosecution.— Jurisdiction of Juvenile Court.—Commencement of Action.—Statute.* —Although adults may be prosecuted in the juvenile court for encouraging delinquency in violation of §1648 Burns' Supp. 1918, Acts 1917 p. 342, they are entitled, when so prosecuted, to have the accusation conform to the provisions of the Code of Criminal Procedure.  p. 577.

From Marion Juvenile Court (15,236a) ; *Frank J. Lahr,* Judge.

Prosecution by the State of Indiana against Charles R. Pease.  From a judgment of conviction, the defendant appeals.  *Reversed.*

*Russell Willson* and *Romney Willson,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the State.

DAUSMAN, P. J.—On September 12, 1919, there was filed in the office of the clerk of the juvenile court of Marion county a document denominated in the record "a complaint."  The document charges that appellant unlawfully caused and encouraged a girl under the age of seventeen years to commit an act of delinquency as defined in the statute by encouraging and causing the girl "to be guilty of indecent and immoral conduct, to wit, adultery and fornication, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."  The document was signed by one Robert E. Woollen, but was not verified by his oath.  The defendant was arraigned and entered a plea of not guilty.  Thereupon the matter was submitted to the court for trial without a jury. The evidence having been heard, the court found the defendant "guilty as charged in affidavit filed in this cause."  A pretended judgment was rendered that the

defendant be fined in the sum of $100 and costs, and that he be imprisoned in the Indiana State Farm for a term of 180 days.   A motion for a new trial was over-ruled.   The alleged error relied on for a reversal is that the finding (or decision) is contrary to law, and appellant makes the specific contention that the court was without jurisdiction, that the proceeding is a nullity, and that the pretended judgment is void.

The word "jurisdiction" is sometimes used in a general sense and sometimes in a particular sense.   In the general sense it signifies the abstract right of

1.   a tribunal to exercise its power in causes of a certain class.   In the particular sense it relates to the right of a tribunal to exercise its power with respect to a particular matter.   The former is conferred by the Constitution or statutes, but the latter is conferred by instituting an action in a lawful and proper manner.   For a concrete illustration:   A holds a promissory note in the sum of $100 against B and secured by mortgage on B's real estate; a controversy concerning payment arises between the parties, and A concludes to call upon the state to aid him in enforcing his claim against B by foreclosure proceedings.   To what court shall A go for relief?   By consulting the statutes he may learn that a justice of the peace is empowered to hear and determine an action on a promissory note of that amount and to render a personal judgment, but has not been empowered to foreclose a mortgage.   From the same source he may learn also that the circuit court has been empowered to hear and determine the whole matter and to grant all the relief to which A may be entitled.   In other words, the circuit court has been designated by law as a proper court in which to bring causes of the class to which A's cause of action belongs, and has been authorized by law to hear and determine causes of that

class.   Hence, it is commonly said in an abstract sense that the circuit court has *general* jurisdiction of the subject.   In other words, the subject is within the scope of that court's authority.   But it has no jurisdiction of the *particular* controversy between A and B, and has no right to exercise jurisdiction of that particular subject-matter until an action has been commenced and perfected in a lawful and proper manner.   Under our Code an action is *commenced* when a complaint has been filed and summons issued.   By filing his complaint and taking out a summons A submits himself and his cause of action to the court; and service on B, or his voluntary appearance, perfects the action and gives the court complete jurisdiction of the particular subject-matter involved.   §317 Burns 1914, §314 R. S. 1881; Vanfleet, Collateral Attack §§58-60; *Yates* v. *Lansing* (1810), 5 Johns. (N. Y.) 282; *Bliss* v. *Wilson* (1836), 4 Blackf. 169; *Rockland* v. *Hurricane Isle* (1909), 106 Me. 169, 76 Atl. 286; *Jordan* v. *Brown* (1887), 71 Iowa 421, 32 N. W. 450; *Thomas* v. *People* (1883), 107 Ill. 517, 47 Am. Rep. 458; *Reynolds* v. *Stockton* (1891), 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; *O'Brien* v. *People* (1905), 216 Ill. 354, 75 N. E. 108, 108 Am. St. 219; *Jackson* v. *Smith* (1889), 120 Ind. 520, 22 N. E. 431.   See, 7 R. C. L. 1029 *et seq.*

The same principle holds good, of course, in criminal law.   In this branch of the law, however, the principle is applied with greater strictness.   To illustrate: If the prosecuting attorney for Marion county should be of the opinion that C has committed the crime of burglary, and has determined to prosecute him for that offense, he may readily learn by consulting the statutes that the criminal court has *general* jurisdiction to try and determine causes of the class to which a prosecution for burglary belongs.   However, the criminal court can have no jurisdiction, and cannot enter

upon a trial of the *particular* controversy between the state and C until an action has been commenced and perfected in a lawful and proper manner.

In this state it has been held consistently that a criminal action can be commenced only in the manner provided by law, and that it is the filing of the accusation in lawful form that invokes the jurisdiction of the court in the particular cause. *Byrne* v. *State* (1874), 47 Ind. 120; *Allstodt* v. *State* (1874), 49 Ind. 233; *Hoover* v. *State* (1887), 110 Ind. 349, 11 N. E. 434; *Butler* v. *State* (1887), 113 Ind. 5, 14 N. E. 247; *Miller* v. *State* (1890), 122 Ind. 355, 24 N. E. 156; *Smith* v. *Clausmeier* (1893), 136 Ind. 105, 114, 35 N. E. 904, 43 Am. St. 311; *Gardner* v. *State* (1903), 161 Ind. 262, 68 N. E. 163; *State* v. *Simpson* (1906), 166 Ind. 211, 76 N. E. 544, 1005.   See, 22 Cyc 171.

It is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment void. *Springer* v. *Shavender* (1896), 118 N. C. 33, 23 S. E. 976, 54 Am. St. 708.   There can be no conviction or punishment for crime except on accusation made in the manner prescribed by law.

The legislature has provided that all public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time; that the first pleading on the part of the state is either an indictment or affidavit; and that the affidavit shall have the approval of the prosecuting attorney indorsed thereon. §§1989, 2039 Burns 1914, Acts 1905 p. 584, §§118, 168.   It is essential that there shall be a strict compliance with the legislative requirements concerning the commencement of a criminal action, for the power of the legislature to prescribe the requirements is plenary. *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796; *Riggs* v. *State* (1885), 104 Ind. 261,

3 N. E. 886; *State* v. *Boswell* (1886), 104 Ind. 541, 4 N. E. 675; *Carpenter* v. *State* (1860), 14 Ind. 109.

In the case at bar the defendant participated in the proceedings and seems to have made no objection on the ground that the court was without jurisdiction until after the pretended judgment. But his conduct in that respect did not estop him from afterward raising the question of jurisdiction. Even his unqualified consent could not confer jurisdiction; for the question of jurisdiction was a matter between the legislature and the court, and not between the parties.

The jurisdiction of the courts is in reality a power inherent in the state, and is conferred on the courts either directly by the people through their Constitution, or indirectly through the legislature by laws duly enacted. *Watts, etc., Co.* v. *Unione, etc.* (1915), 224 Fed. 188; *Springer* v. *Shavender, supra;* 7 R. C. L. 1030, §58, and authorities there cited.

The legislature, having in mind the liberties of the people, has declared that no citizen shall be put on trial for a public offense except ·on indictment or affidavit. Manifestly the legislative purpose is to shield and protect the individual from the disgrace, expense and hazard involved in a criminal prosecution insofar as that may be done consistently with the public welfare. The legislature has determined that the public welfare is best promoted by saving the individual from criminal prosecution unless the accusation rests on sworn testimony given to the grand jury or on a sworn statement in the form of an affidavit.

It is apparent that by this proceeding the prosecuting attorney was seeking to convict the defendant of a misdemeanor committed in violation of §1648 Burns' Supp. 1918, Acts 1917 p. 342. At the time

VOL. 74—37

of the pretended trial the defendant was a man of mature years. Although adults may be prosecuted in the juvenile court for any offense within the purview of §2 of said act, nevertheless, when so prosecuted, they are entitled on sound principle to have the accusation conform to the provisions of the Code of Criminal Procedure; and a study of the entire act has led to the conviction that the legislature so intended.

No affidavit having been filed, the juvenile court was without jurisdiction of the particular subject-matter. Judgment reversed.