## McSwane *v.* State of Indiana.

[No. 25,396.   Filed March 6, 1929.]

*Benjamin F. Zieg,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

Gemmill, J.—An affidavit, filed in the city court of the city of Evansville, charged appellant and another with the crime of burglary in the second degree.   After a plea of not guilty, there was a hearing before the judge of the city court, who found that they were probably

guilty. They were recognized to appear at the next term of the Vanderburgh Circuit Court.

In the circuit court, the appellant was tried upon the original affidavit which had been filed in the city court. He was found guilty and judgment was rendered on the court's finding. On appeal, it is claimed that the court erred in overruling the motion for a new trial, as the trial court was without jurisdiction of the subject-matter of the action and the finding of the court was contrary to law. It appears that the affidavit which was sent with the transcript to the circuit court, and which was filed there, had not been and was not at any time approved by the prosecuting attorney. Section 2103 Burns 1926 provides that in all cases where preliminary examinations are held by a justice of the peace or other officer of like jurisdiction, under the laws of the State of Indiana, upon a felony charge, and the person or persons who are thus charged are recognized to appear at the next term of the circuit or criminal court of the county in which such examination is held, and if there be no grand jury in session at the term of court at which such person or persons so recognized are to appear, he or they may be tried in the circuit or criminal court upon the affidavit filed before such justice of the peace or other officer of like jurisdiction, if such affidavit shall be approved by the prosecuting attorney by indorsement thereon by using the words, "approved by me," and signed by him as such prosecuting attorney.

All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court by affidavit, under certain conditions prescribed by statute. §2150 Burns 1926. And when such affidavit has been made, the prosecuting attorney shall approve the same by indorsement, using the words "approved by me," and sign the same as such prosecuting attorney. §2151 Burns 1926. The same requirement as to approval of an affi-

davit, filed in the city court, if used in the circuit or criminal court, is provided for all affidavits used to prosecute offenses in the circuit or criminal court.

Appellant now contends that there was no affidavit or pleading on the part of the state in this cause in the circuit court for the reason that the affidavit was not approved by the prosecuting attorney. The defendant did not file a motion to quash the affidavit. Had this been done, the motion should have been sustained. *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Hicks* v. *State* (1916), 185 Ind. 223, 113 N. E. 722; *Wischmeyer* v. *State* (1929), *ante* 512, 165 N. E. 57. But if the attention of the trial court had been directed to the fact that the affidavit did not bear the approval of the prosecuting attorney, by a motion to quash before the beginning of the trial, it then could have been indorsed. *Robinson* v. *State, supra.*

It is essential that there shall be a strict compliance with the legislative requirements concerning the commencement of a criminal action, for the power of the legislature to prescribe the requirements is plenary. *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337.

In *Cole* v. *State, supra,* this court said: "The legislature appears to have made the approval of the affidavit by the State's representative a condition or requirement preceding its filing with the clerk of the court and the recording thereof by the latter officer, and it can have no standing or effect as a pleading or document in the case until authenticated by the approval of the prosecuting attorney, as the law exacts." This court also said in, *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103: "And while the defendant might be tried in the circuit court on the affidavit filed with the mayor of Washington, that affidavit could not

serve the purpose of a pleading in the circuit court until the approval of the prosecuting attorney was indorsed upon it." And, in *Wischmeyer* v. *State, supra,* it was held as follows: "If the same affidavit which was filed in such city court were filed and used in the criminal court to present the offense, instead of presenting such felonious offense by a new affidavit, such use of the original affidavit is not sufficient to avoid the duty of the prosecuting attorney to approve the affidavit. The affidavit in the criminal court, because of such omission, was insufficient to lawfully present the crime. . . ." The appellant could have been tried in the circuit court on the affidavit filed in the city court, if same were approved by the prosecuting attorney. As this was not done, the finding of the court was contrary to law.

The judgment is reversed, with instructions to the trial court to sustain the motion for a new trial.