MATTINGLY *v.* STATE OF INDIANA.

[No. 28,769. Filed April 2, 1952.]

432

*DeRoo Weber,* of Mt. Vernon; *Burt Cheatham, Marion J. Rice,* and *Carrol F. Dillon,* all of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General; *George W. Hand* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the offense of grand larceny, was tried by a jury which returned a verdict of guilty, and was sentenced to the Indiana State Prison for a period of not less than one (1) year nor more than ten (10) years, fined Five ($5.00) Dollars, and disfranchised and rendered incapable of holding any office of trust or profit for a period of two (2) years.

From the judgment overruling appellant's motion for a new trial, this appeal is prosecuted.

Among the errors assigned only two need be considered.

*First:* That the affidavit upon which appellant was tried was not endorsed and approved by the prosecuting attorney as provided by the Acts of 1905, ch. 169, §119, p. 584; §9-909, Burns' 1942 Replacement. (Assigned error No. 4.) While it is not necessary to dispose of this question in reaching a final determination of the case, we feel that because of its importance and the apparent conflict in certain opinions of this court, the question should here be considered and the rule applicable thereto clarified. Appellant did not raise this

question in the trial court and presents it here for the first time.

In support of this assignment appellant relies upon *McSwane* v. *State* (1929), 200 Ind. 548, 165 N. E. 319. In this case appellant McSwane was tried in the Circuit Court upon an original affidavit which had been filed in the city court. Said affidavit was not at any time approved by the prosecuting attorney. This court there held that because the affidavit was not approved by the prosecuting attorney, even though the question was not raised in the trial court, the finding of the court was contrary to law. However, 200 Ind. at p. 550 the court said:

> "The defendant did not file a motion to quash the affidavit. Had this been done, the motion should have been sustained. [Citing authorities]. But if the attention of the trial court had been directed to the fact that the affidavit did not bear the approval of the prosecuting attorney, by a motion to quash before the beginning of the trial, it then could have been indorsed."

We believe this statement brings the error assigned in the McSwane case clearly within the provisions of §334 of ch. 169 of the Acts of 1905, p. 584; §9-2320, Burns' 1942 Replacement, as being an exception which did not prejudice the substantial rights of the defendant, and the case should not have been reversed for failure of the affidavit to bear the endorsement of the prosecuting attorney, where the question was not raised in the trial court. For this reason *McSwane* v. *State* (1929), 200 Ind. 548, 165 N. E. 319, *supra,* is hereby overruled insofar as it is in conflict with this opinion.

It has long been the law in Indiana that the question of the endorsement of an affidavit by the prosecuting

attorney cannot be raised on appeal unless the ▪ question has first been presented to the trial court. *Knapp* v. *State* (1932), 203 Ind. 610, 615, 181 N. E. 517; *Cox* v. *State* (1932), 203 Ind. 544, 551, 177 N. E. 898; *Tow* v. *State* (1926), 198 Ind. 253, 257, 151 N. E. 697; *Hicks* v. *State* (1916), 185 Ind. 223, 225, 113 N. E. 722; *Robinson* v. *State* (1912), 177 Ind. 263, 265, 97 N. E. 929; *Alvey* v. *State* (1936), 101 Ind. App. 391, 392, 199 N. E. 432.

The law is likewise well settled in Indiana that when the failure of the prosecuting attorney to endorse an affidavit with the words "approved by me" is ▪ raised by a motion to quash, such motion must be sustained. *Lynn* v. *State* (1934), 207 Ind. 393, 395, 193 N. E. 380; *Hicks* v. *State* (1916), 185 Ind. 223, 225, 113 N. E. 722, *supra; Robinson* v. *State* (1912), 177 Ind. 263, 265, 97 N. E. 929, *supra; Cole* v. *State* (1907), 169 Ind. 393, 397, 82 N. E. 796; and if appellant herein had raised this question in a motion to quash it should have been sustained.

In *Lynn* v. *State, supra,* this court held that the lack of endorsement of the prosecuting attorney's approval upon an affidavit "will require the trial court to sustain a motion to quash in which it is alleged that the facts stated in the affidavit do not constitute a public offense." It was there contended by appellee that the failure of the prosecuting attorney to endorse an affidavit as required by statute was an omission of "a mere technical formality." At p. 398 of 207 Ind. this court said: ". . . this court can not presume to treat as a mere formal technicality an act which is required of a public officer by an unqualified mandate of the General Assembly."

Further, at p. 399, of 207 Ind. it is said: "From our point of view the endorsement of the prosecuting at-

torney is not a mere identification, but is intended to be uncontrovertible evidence that he does in fact approve the contents of the affidavit." We approve the language used by Judge Treanor in this case, but believe that the requirement of the statute providing that the prosecuting attorney shall endorse "approved by me" upon an affidavit is not such a mandate of the General Assembly which cannot be waived by an act or omission of the person charged in the affidavit.

While the endorsement of an affidavit by the prosecuting attorney may be more than "a mere identification" we believe that when a defendant proceeds to trial, finding and judgment upon an affidavit which does not bear such endorsement, without objection thereto, the action of the trial court is such as did not "prejudice the substantial rights of the defendant" within the meaning of §334, ch. 169, Acts 1905, p. 584; §9-2320, Burns' 1942 Replacement.

Appellant herein proceeded to trial upon the affidavit under which he was charged, permitted the jury to return its verdict, and the court to pronounce judgment without in any manner raising the question of the insufficiency of the affidavit because of the absence of the prosecuting attorney's formal approval. He knew the offense with which he was charged and the issues which he was called upon to meet, and we cannot, under these circumstances, perceive of any way in which his substantial rights were prejudiced by the failure of the affidavit to bear the endorsement of the prosecuting attorney as required by §9-909, Burns' 1942 Replacement, *supra*.

It has been the law in Indiana since the enactment of §9-2320, Burns' 1942 Replacement, *supra*, that where the substantial rights of a defendant are not prejudiced by defects that could have been perfected in the trial

court, such defects will not be considered as grounds for reversal on appeal. Construing this statute in *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929, *supra,* this court, at p. 265, said:

"If, in fact, it [the affidavit] was not indorsed as required, and the trial court's attention had been directed to the defect by a motion to quash, before the beginning of the trial it could then have been properly indorsed. *Cole* v. *State* [(1907), 169 Ind. 393, 82 N. E. 796] *supra.* It would be a reproach to the law to require a judgment to be held for naught, and the State put to the expense of another trial, for a defect which did not prejudice the substantial rights of appellant, and which he could have had corrected before trial if it in fact existed. This we are forbidden to do. §2221 Burns 1908, §1891 R. S. 1881."

This statement was quoted with approval in *Bledsoe* v. *State* (1945), 223 Ind. 675, 693, 694, 64 N. E. 2d 160. See also: *Brown* v. *State* (1941), 219 Ind. 251, 258, 37 N. E. 2d 73, 137 A. L. R. 679; *Boos* v. *State* (1914), 181 Ind. 562, 571, 105 N. E. 117; *Lay* v. *State* (1913), 180 Ind. 1, 4, 102 N. E. 274.

The error here complained of could have been corrected in the trial court by the formal endorsement of the affidavit by the prosecuting attorney after it was filed. *McSwane* v. *State* (1929), 200 Ind. 548, 550, 165 N. E. 319, *supra; Robinson* v. *State* (1912), 177 Ind. 263, 265, 97 N. E. 929, *supra; Cole* v. *State* (1907), 169 Ind. 393, 397, 82 N. E. 796, *supra.*

Since the question of endorsement of "approved by me" by the prosecuting attorney on the affidavit herein was not raised in the trial court appellant thereby waived this requirement of the statute and no question is presented on appeal to this court. *Knapp* v. *State* (1932), 203 Ind. 610, 181 N. E. 517, *supra; Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697, *supra.*

*Second:* The verdict is not sustained by sufficient evidence and is contrary to law. (Assigned Error No. 2.)

Appellant is charged in the affidavit with taking, stealing and carrying away eight hundred cotton bags, the property of Mt. Vernon Milling Company, of the value of $296.00.

In order to sustain the conviction herein the state was required to produce evidence to prove, or from which the jury might reasonably infer: (1) That appellant stole, took or carried away personal property at the Mt. Vernon Milling Company (plain cotton bags) of the value of $25.00 or more, Acts of 1941, ch. 148, §9, p. 447; §10-3001, Burns' 1942 Replacement; or, (2) That he aided, abetted, counseled, encouraged, hired, commanded, or otherwise caused said bags to be stolen, taken or carried away. Acts of 1905, ch. 169, §224, p. 584; §9-102, Burns' 1942 Replacement. *Guetling* v. *State* (1927), 198 Ind. 718, 153 N. E. 765.

This court will not weigh evidence when its sufficiency is questioned on appeal, but will examine the record to determine whether there is any evidence of probative value, or any reasonable inferences which may be properly drawn therefrom, which would sustain the verdict of the jury or the decision of the trial court. *Smith* v. *State* (1951), 229 Ind. 546, 550, 99 N. E. 2d 417, 419; *Todd* v. *State* (1951), 230 Ind. 85, 87, 101 N. E. 2d 922.

A careful examination of the transcript in this case discloses no evidence, either direct or circumstantial, or any from which proper inferences might be drawn, that appellant was ever, at any time, in or on the premises of the Mt. Vernon Milling Company; or that he took, stole or carried away any cotton bags or any other personal goods or chattels belonging to said company. Therefore, the state has wholly failed to establish

that appellant is guilty of the offense charged, as a principal under §10-3001, Burns' 1942 Replacement, *supra*.

It then follows that if the conviction herein is to be sustained it must be done on the theory that appellant was an accessory before the fact under §9-102, *supra*.

The evidence most favorable to appellee discloses that George Bulla, a witness for the state, testified that he was an employee of the Mt. Vernon Milling Company at the time the cotton bags in question were taken from the mill; that he had pleaded guilty to the offense of grand larceny but sentence had been withheld. He further testified that on January 18, 1951, he was at the Old Sunlight Mill; that he had been drinking, and between eleven and twelve o'clock he went into the mill, got a few bags and went across the street where he saw appellant in his car; that he sold some of the bags "around there," selling about three dollars worth to appellant. The witness further testified: "We drank most of the half pint and I went up town and later in the afternoon about 4:00 I run on him [appellant] up there and he said he had two hundred cotton bags sold if I could get them and I decided I could get them." He then testified that he (Bulla) had a borrowed car and went and got the two hundred bags and took them to Mattingly's house to transfer them to Mattingly's car. That, however, he got lost from Mattingly and took the bags to a relative of Mattingly's who operated a tavern. This witness further testified: "We counted them and there was 201. We come back to Mt. Vernon and he said he would get the money. He said the fellow he sold them to had bought a new car and he went to Kentucky after his wife. I messed around until about 9:00 and I did not get any money and around 7:00 the next day he came to my house and said he was going to shuck corn and he gave me $8.00 of the $10.00

he had and when we was supposed to get $10.00 apiece.'' Bulla then testified that they went after the bags that had been left at the house of appellant's relative and while they were there the Chief of Police arrived and appellant then got the 201 bags and took them to the police station at city hall.

This witness further testified that appellant talked to him sometime "around" four o'clock on January 18, 1951 about selling a bale of the bags in Kentucky for two hundred dollars, and that he told appellant where he expected to get the bags. This bale of bags was never taken from the mill, the witness testifying that he removed bags from the Old Sunlight Mill only on two occasions, one between eleven and twelve o'clock in the morning on January 18, and in the afternoon when he took the 201 bags above mentioned.

The Supreme Court of Illinois has defined aiding, abetting or assisting in the perpetration of a crime in *People* v. *Powers* (1920), 293 Ill. 600, 602, 127 N. E. 681, 682, as follows:

"Aiding, abetting, or assisting in the perpetration of a crime means some conduct of an affirmative nature, and mere negative acquiescence is not sufficient to constitute a person a principal. There must be something in the evidence showing a design to incite or in some manner aid, abet or assist in the commission of the crime."

See also: *People* v. *Barnes* (1924), 311 Ill. 559, 143 N. E. 445, 447.

This court has held that if the result of a felonious act of the principal is brought about by the counsels or commands of the accessory, the latter is guilty, although the result arises immediately or directly from the act of the principal and it is not necessary that the acts or words of the accessory should directly incite or expressly command the principal to commit the crime;

it is enough if it appears that the acts or words of the accessory were intended to bring about the commission of the crime and that they effected that result. *Sage* v. *State* (1890), 127 Ind. 15, 30, 26 N. E. 667.

In *Peats* v. *State* (1938), 213 Ind. 560, 574, 12 N. E. 2d 270, this court, quoting from *Adams* v. *State* (1879), 65 Ind. 565, 574, said:

" 'An aider and abettor is one who assists another in the accomplishment of a common design or purpose; he must be aware of, and consent to, such design or purpose.' "

In *Mobley* v. *State* (1949), 227 Ind. 335, 343, 85 N. E. 2d 489, this court said:

"Actively to countenance and support the doing of a criminal act by another is to encourage it, within the meaning of the aiding and abetting statute . . . "

And further, at p. 344:

"While it is true that the mere presence of a person at the scene of a crime is insufficient to constitute him a principal therein, in the absence of anything in his conduct showing a design to encourage, incite, aid, abet or assist in the crime, the trier of the facts may consider failure of such person to oppose the commission of the crime in connection with other circumstances and conclude therefrom that he assented to the commission of the crime, lent his countenance and approval thereto and thereby aided and abetted it . . .

"It has also been held that the presence of one at the commission of a felony and companionship with another engaged therein, and a course of conduct before and after the offense, are circumstances which may be considered in determining whether aiding and abetting may be inferred."

A careful examination of the evidence in this case fails to disclose that appellant knowingly performed

any act which could be construed as aiding, abetting or assisting in the stealing or taking away any of the cotton bags which the principal, George Bulla, confessed that he stole from the Mt. Vernon Milling Company on January 18, 1951. Neither is there any evidence showing that there was a design on the part of appellant to incite or in any manner aid, abet or assist the said Bulla in taking said cotton bags from the premises of the Mt. Vernon Milling Company.

Nor is there sufficient evidence of probative value from which proper inferences might be drawn to show that appellant assisted the said Bulla in the accomplishment of any design or purpose to steal or take said bags, or that appellant was aware that the bags which he received from said Bulla were stolen property. Witness, Bulla, testified that he did not tell appellant where the bags which were sold to him came from, and that appellant did not know the bags were stolen until they had sold the 201 bags to appellant's relative. This evidence is undisputed. Nor does the evidence disclose a course of conduct of appellant "before and after the offense" from which it might properly be inferred that he aided and abetted or in any way encouraged the taking of said cotton bags from the Old Sunlight Mill, property of the Mt. Vernon Milling Company. On the contrary, the evidence discloses that all of the bags with which appellant had any connection, including the three dollars worth purchased between eleven and twelve o'clock on the morning of January 18, were returned to the police as soon as appellant and his wife ascertained they were stolen property.

Appellee admits that there is "no overwhelming amount of evidence to sustain the verdict of the jury and judgment of the court" but contends that there is sufficient testimony from which a jury might draw reasonable inferences to sustain appellant's conviction.

Appellee further contends that the conversation which the witness, Bulla, had with appellant concerning the sale of bags and in which they made plans to sell a bale of bags in Kentucky is sufficient evidence from which the jury might infer "that something was amiss in his (appellant's) dealings with Bulla and knew or should have known that Bulla's method of obtaining these sacks was, to say the least, unorthodox." Considering all the circumstances surrounding the conversations to which appellee refers, together with the fact that the bale of bags from which it might be inferred from the evidence that appellant knew were to be stolen were never taken from the mill and delivered to the prospective purchaser in Kentucky, there is not evidence of probative value sufficient to support an inference upon which the verdict of the jury might be sustained. If it be granted that appellant should have known that the witness, Bulla's, method of obtaining said bags was "unorthodox" such knowledge, in the face of undisputed evidence that appellant did not know the bags were stolen until after the 201 bags had been delivered, is not such evidence from which an inference might be drawn to sustain appellant's conviction as an accessory before the fact.

The evidence here is, at best, speculative, and wholly fails to show appellant guilty of the offense charged and his conviction is, therefore, contrary to law.

It is not necessary to consider other errors assigned for the reason that they are not likely to occur in a new trial.

For the reasons above stated, the judgment of the trial court is reversed with instructions to grant appellant a new trial.

NOTE.—Reported in 104 N. E. 2d 721.