CRAIG *v.* STATE OF INDIANA.

[No. 29,395. Filed March 14, 1957.]

*H. Wayne Baker,* of Bedford, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the crime of automobile banditry under Acts 1929, ch.

54, §3, p. 136, being §10-4710, Burns' 1956 Replacement, tried by jury, found guilty and sentenced to the Indiana Reformatory for a determinate period of fifteen years.

Two errors are assigned herein.

1. The court erred in overruling appellant's motion in arrest of judgment.

2. The court erred in overruling appellant's motion for a new trial.

The statute under which appellant was convicted provides, in part, as follows:

"If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, . . . by the use of which he or they escape, attempt to escape or intend to escape, . . . he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten [10] years nor more than twenty-five [25] years."

*First:* Appellant asserts that the trial court erred in overruling his motion in arrest of judgment, because the prosecuting attorney failed to approve the affidavit by endorsing thereon, "approved by me", and sign the same as prosecuting attorney as provided by Acts 1905, ch. 169, §119, p. 584, being §9-909, Burns' 1956 Replacement.

The law in Indiana is well settled that the question of the endorsement of an affidavit by a prosecuting attorney cannot be raised on appeal, unless the question was first presented in the trial court. *Mattingly* v. *State* (1952), 230 Ind. 431, 434, 104 N. E. 2d 721.

This court has held that the failure of the foreman of the grand jury to sign an indictment as provided by Acts 1905, ch. 169, §110, p. 584, being §9-901, Burns'

1956 Replacement, does not raise the jurisdictional question as authorized by Acts 1925, ch. 203, §1, p. 490, being §9-2001, Burns' 1956 Replacement; and cannot be presented by a motion in arrest of judgment. *West v. State* (1950), 228 Ind. 431, 436, 92 N. E. 2d 852.

Section 9-901, *supra,* makes the same provision relative to indictments as does Acts 1905, ch. 169, §119, p. 584, being §9-909, Burns' 1956 Replacement, regarding the endorsement of affidavits by the prosecuting attorney. We see no reason why the same procedure should not apply to both sections, i.e., if the failure of the foreman of a grand jury to endorse an indictment as provided by §9-901, *supra,* cannot be raised by a motion in arrest of judgment, it must follow that the failure of a prosecuting attorney to approve and sign an affidavit as provided by §9-909, *supra,* cannot be so raised.

The situation here is the same as in *Mattingly* v. *State, supra* (1952), 230 Ind. 431, 104 N. E. 2d 721, and at page 436 this court said:

"Appellant herein proceeded to trial upon the affidavit under which he was charged, permitted the jury to return its verdict, and the court to pronounce judgment without in any manner raising the question of the insufficiency of the affidavit because of the absence of the prosecuting attorney's formal approval. He knew the offense with which he was charged and the issues which he was called upon to meet, and we cannot, under these circumstances, perceive of any way in which his substantial rights were prejudiced by the failure of the affidavit to bear the endorsement of the prosecuting attorney as required by §9-909, Burns' 1942 Replacement, *supra.*"

Hence, the question raised by the first assignment of error is waived. *Mattingly* v. *State, supra.*

*Second:* Appellant asserts that the verdict of the jury is contrary to law because he "was deprived of his

constitutional right to counsel"; because "his arrest was without authority of law"; because "he was detained without arraignment for more than seven days"; and because he was "subjected to duress and ill treatment by the [police] officers."

Appellant was arrested on April 21, 1955. It appears from the record that the mistreatment, duress and inducement of which appellant complains might have resulted in his entering a plea of guilty on April 29, 1955, to a charge of assault and battery with intent,[1] as charged in an affidavit filed on April 21, 1955. Even though appellant was permitted to testify in this case as to his treatment prior to such guilty plea, without objection by the prosecuting attorney, we are unable to see wherein the fact, even if it be a fact—a question which we do not attempt to determine—that appellant might have been induced by promises, ill treatment and coercion to enter a plea of guilty to assault and battery with intent, in another case, has any relevancy in this case now before us. An improper inducement to enter a plea of guilty on the affidavit charging assault and battery with intent is not a proper defense on a plea of not guilty in the case at bar. The admissibility of the confession or statement, which was introduced in evidence over appellant's objection, after a preliminary hearing thereon outside the presence of the jury, was not questioned in the motion for a new trial, hence, no question thereon is presented for our consideration.

*Third:* It is asserted that the evidence is not sufficient to show that appellant had on or near the premises where the larceny was committed, the automobile described in the affidavit, because the affidavit described the automobile as a

---

1. Acts 1927, ch. 203, §2, p. 580, being §10-401, Burns' 1956 Replacement.

Chrysler with 1954 Indiana license plates No. QA 9235, while the evidence shows only that a 1952 Chrysler was used. No objection to the introduction of any evidence on the ground that it constituted a variance was made, hence this question is waived. Flanagan, Wiltrout & Hamilton, Ind. Tr. & App. Pract., §2061, Comment 1, p. 538.

However, appellant contends that the question of variance was properly raised by his motion to instruct the jury to find for defendant-appellant, made at the close of the State's case in chief. By the introduction of the evidence appellant waived any error in the ruling on his motion for a directed verdict. Hence, no question on that issue is presented for our consideration. *Drinkwatter* v. *Eikenberry* (1946), 224 Ind. 84, 91, 64 N. E. 2d 399; *Louisville & N. R. Co.* v. *Revlett* (1946), 224 Ind. 313, 326, 65 N. E. 2d 731; Flanagan, Wiltrout & Hamilton, Ind. Tr. & App. Pract., §1661, Comment 3, p. 313.

The court did not err in overruling the motion for a new trial. Finding no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Achor, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 881.