BOWLING ET AL. *v.* STATE OF INDIANA.

[No. 31,108. Filed October 26, 1967.]

*John G. Bunner,* of Evansville, for appellants.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

MOTE, J.—This is an appeal from a judgment rendered on a jury verdict finding Appellants guilty of the crime of robbery, as defined by Indiana Statute, Burns' § 10-4101, which provides in part as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear is guilty of robbery . . ."

The charge against Appellants was brought by affidavit filed on September 1, 1966, and omitting the formal parts thereof, said affidavit is as follows:

"FRANK M. FREIHAUT, being duly sworn upon his oath says that JAMES BOWLING, JR. and JOHN HAWKINS,

JR. on or about the 28th day of May A.D., 1966 at said county and State as affiant verily believes did then and there unlawfully, feloniously and forcibly and by violence and putting THOMAS PARKER in fear, rob, take and steal from the person of the said THOMAS PARKER Twenty-Five Dollars ($25.00) in lawful and current money of the United States of America, then and there belonging to the said THOMAS PARKER.

Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana.

s/ FRANK M. FREIHAUT"

Apellants pleaded not guilty to the charge and requested a jury trial, which request was granted. Trial by jury was commenced on September 26, 1966, and concluded on September 29, 1966. As above stated, the jury found both Appellants guilty of the offense charged. On October 14, 1966, both Appellants filed a motion in arrest of judgment and both filed their objections to the jurisdiction of the court.

The jury's verdict was as follows:

"The jury now finds defendant Hawkins guilty of Robbery, as charged, and that he is twenty-five years of age.

The jury finds defendant Bowling guilty of Robbery as charged and that he is 19 years of age."

On October 26, 1966, the Appellants' motion in arrest of judgment and their objection to jurisdiction was overruled. Thereafter, Appellants were sentenced by the court as follows:

"Defendant John Hawkins is sentenced to Indiana State Prison for Ten (10) to Twenty-Five (25) years and defendant James Bowling, Jr., is sentenced to Indiana State Reformatory for Ten (10) to Twenty-Five (25) years. Each defendant is disfranchised for five (5) years."

On October 28, 1967, both Appellants filed their joint and several motion for a new trial, which, omitting the formal parts, is as follows:

"The defendants, and each of them, move the Court for a new trial herein for the following reasons:

1. The verdict of the jury is contrary to law.

2. The verdict of the jury is not sustained by sufficient evidence.

3. Error of law occurring at the trial and excepted to by the defendants in this, to-wit:

    The Court erred in overruling the defendant James Bowling's objection to State's Exhibit No. 1, which exhibit was a written confession signed by the defendant Bowling. The objection and the ruling of the Court are as follows:

    'Mr. Bunner: The defendant James Bowling will object to the introduction into evidence of State's Exhibit #1 for the reason that the same is involuntary and will offer to introduce evidence at this time as to the involuntariness of the exhibit. (Evidence introduced concerning obtaining of confession.)

    Court: Objection overruled.'

4. Error of law occurring at the trial and excepted to by the defendants, in this, to-wit:

    The Court erred in overruling the defendants' motion and request for peremptory instruction at the conclusion of the evidence in chief for the State of Indiana.

5. Error of law occurring at the trial and excepted to by the defendants in this, to-wit:

    The Court erred in overruling the defendants' motion and request for peremptory instruction at the conclusion of all the evidence.

6. The Court erred in overruling the defendants' objection to jurisdiction.

7. The Court erred in overruling the defendants' motion in arrest of judgment.

WHEREFORE, the defendants and each of them, pray that a new trial be granted."

Said motion for new trial was overruled on November 10, 1966, from which ruling this appeal is brought.

The record indicates the existence of the following facts upon which the jury could base its verdict:

About one o'clock in the morning of May 28, 1966, the prosecuting witness, Thomas Parker, was walking on Eighth Street in the City of Evansville, Indiana. The Appellant Bowling came up behind him with a gun in his hand and putting the gun in Mr. Parker's back, he told him to drop his wallet. When Mr. Parker replied that he didn't have one, Appellant Bowling told him he would drop him if he did not drop the wallet. At that time, Appellant Hawkins walked in front of Mr. Parker and struck him on the head and he then dropped his wallet on the ground. Appellant Bowling picked up Mr. Parker's wallet. Before both Appellants left the scene, they had struck and knocked down Mr. Parker's woman companion in an attempt to take her purse. Mr. Parker reported the incident to the police and he identified both of the Appellants in the courtroom at the trial as having been the men who struck and robbed him. A police officer testified that on June 19, 1966, he took a statement from Appellant Bowling at the Evansville Police Headquarters. He said that before he took such statement he advised Appellant Bowling of his constitutional rights and that such statement was taken in the presence of one other officer besides himself. When asked if he had been involved in the robbery described by Mr. Parker, Appellant Bowling said "yes." This Appellant testified that he had been drinking at the time of the questioning and that the police officers told him that if he cooperated, he would "probably get a break." Appellant Bowling further said that at the time of the taking of the statement he at first did not agree to involve Appellant Hawkins, but later said that he split the money with him.

Appellants have devoted about ten pages of their brief to their argument, citation of authorities and some quotations from the latter, in their effort to demonstrate three different contentions of reversible error in the trial court, all applied to certain specifications of the motion for new trial. We shall discuss such contentions in the order presented.

Basing their contentions on Specifications 1, 2, 4 and 5 of their motion for new trial, supra, Appellants assert "that there is no evidence in the record from which the jury could have legally found them guilty of the offense" of robbery with which they were charged. Proceeding from such assertion, Appellants then attempt a characterization and interpretation of the evidence in a manner suitable to their own purpose and without according to the jury the right and the duty to perform such task. As we review and appraise the effect of the evidence succinctly set forth above, it is clear that the jury was well within its prescribed limits in arriving at its verdict in finding the Appellants guilty. The evidence before the jury and which it was permitted to deliberate upon may be considered not only ample, but sufficiently poignant to establish all of the necessary and essential elements of the crime of robbery. Moreover, Appellant, Bowling confessed to the crime charged; however, as will later appear in this opinion, an attack was launched against the admission into the evidence and consideration thereof by the jury. Furthermore, we consider that the direct and circumstanial evidence in the record, with legitimate inferences therefrom, amply sustain the charge. See: *Shipman* v. *State* (1962) 243 Ind. 245, 183 N. E. 2d 823.

In *Sinks* v. *State* (1956) 235 Ind. 484, 133 N. E. 2d 563, in reference to the question presently under discussion, this Court stated:

> "Appellants contend that the evidence fails to prove either criminal intent in them to commit a robbery, or that the money was actually taken by them.
>
> Admittedly, neither of these essential elements of the crime are proved by direct, positive evidence. However, it is not necessary that the fact be proved by such evidence. The rule is well settled that direct evidence of the fact of and the intent to commit a specific crime is not essential but may be inferred from circumstantial evidence. (Citations)
>
> In this case the larceny was proved. It was also proved that the larceny was immediately preceded by an act of

violence by appellants which rendered the victim unconscious. From the above facts the jury had a right to infer that when violence was so used by the appellants it was done with the specific intent to rob. We cannot say that such evidence favorable to the state and the reasonable inferences drawn therefrom are not sufficient to sustain the decisions in these cases.

The judgments are therefore affirmed."

For Appellant Hawkins to assert that there is insufficient evidence to establish that he took from another an article of value by violence or by putting the victim of the robbery in fear is not at all reasonable or logical in view of the record before us. Whether he assisted his co-Appellant Bowling in the robbery was for the jury's determination and we would suggest that the evidence in this respect amply points to the fact established.

In denying the Petition for Rehearing in the case of *Workman* v. *State* (1939) 216 Ind. 68, 21 N. E. 2d 712, this Court announced a rule to guide us, as follows:

". . . the rule is clearly laid down that, under an indictment in the usual form, which merely follows the language of the statute, a conviction will be sustained upon evidence that the accused actually committed the crime, *or that he aided or abetted in its commission* . . ." (Emphasis supplied.)

There is no merit in Appellants' second contention. There are no authorities cited or applied to their proposition that the trial court was w i t h o u t jurisdiction because the affidavit charging the crime did not bear the approval and signature of the prosecuting witness. Also, it has been long the rule that in the absence of such approval and signature, objections must be voiced promptly by a motion to quash the affidavit; otherwise, such defect is considered to have been waived. In the present instance, Appellants presented no objections to the defect until after the verdict, at which time they attempted to present and to rely

upon such defect by filing a Motion in Arrest of Judgment. This was neither the time nor the method to present the defect. Having failed to employ the correct means at the proper time, the defect is waived.

In *Mattingly* v. *State* (1952) 230 Ind. 431, 104 N. E. 2d 721, this Court remarked upon this question, as follows:

"Appellant herein proceeded to trial upon the affidavit under which he was charged, permitted the jury to return its verdict, and the court to pronounce judgment without in any manner raising the question of the insufficiency of the affidavit because of the absence of the prosecuting attorney's formal approval. He knew the offense with which he was charged and the issues which he was called upon to meet, and we cannot, under these circumstances, perceive of any way in which his substantial rights were prejudiced by the failure of the affidavit to bear the endorsement of the prosecuting attorney as required by § 9-909, Burns' 1942 Replacement, supra.

It has been the law in Indiana since the enactment of § 9-2320, Burns' 1942 Replacement, supra, that where the substantial rights of a defendant are not prejudiced by defects that could have been perfected in the trial court, such defects will not be considered as grounds for reversal on appeal. Construing this statute in Robinson v. State, 1912, 177 Ind. 263, at page 265, 97 N. E. 929, at page 930, supra, this court said: 'If, in fact, it [the affidavit] was not indorsed as required, and the trial court's attention had been directed to the defect by a motion to quash before the beginning of the trial, it could then have been properly indorsed. Cole v. State [(1907), 169 Ind. 393, 82 N. E. 796] supra. It would be a reproach to the law to require a judgment to be held for naught and the state put to the expense of another trial for a defect which did not prejudice the substantial rights of appellant, and which he could have corrected before trial if it in fact existed. This we are forbidden to do. Section 2221, Burns 1908 [§ 1891 R. S. 1881].' "

In *Craig* v. *State* (1957) 236 Ind. 434, 140 N. E. 2d 881, this Court stated:

"Appellant asserts that the trial court erred in overruling his motion in arrest of judgment, because the prosecuting

attorney failed to a p p r o v e the affidavit by endorsing thereon, 'approved by me,' and sign the same as prosecuting attorney as provided by Acts 1905, ch. 169, §119, p. 584, being § 9-909, Burns' 1956 Replacement.

This court has held that the failure of the foreman of the grand jury to sign an affidavit as provided by Acts 1905, ch. 169, § 110, p. 584, being § 9-901, Burns' 1956 Replacement, does not raise the jurisdictional question as authorized by Acts 1925, ch. 203, § 1, p. 490, being § 9-2001, Burns' 1956 Replacement; and cannot be presented by a motion in arrest of judgment. West v. State, 1950, 228 Ind. 431, 436, 92 N. E. 2d 852.

Section 9-901, supra, makes the same provision relative to indictments as does Acts 1905, ch. 169, § 119, p. 584, being § 9-909, Burns' 1956 Replacement, regarding the endorsement of affidavits by the prosecuting attorney. We see no reason why the same procedure should not apply to both sections, i.e., if the failure of the foreman of a grand jury to endorse an indictment as provided by § 9-901, supra, cannot be raised by a motion in arrest of judgment, it must follow that the failure of a prosecuting attorney to approve and sign an affidavit as provided by § 9-909, supra, cannot be so raised."

In *State ex rel. Henderson* v. *Boone Circuit Court* (1965) 246 Ind. 207, 204 N. E. 2d 346, the foreman of the grand jury failed to endorse the indictment. In its opinion, this Court stated:

"Although such omission would subject the indictment to a motion to quash, failure to file such a motion constitutes a waiver of the error, which this court has held does not prejudice the substantial rights of the defendant. Consequently, the omission may not for the first time be raised on appeal or a proceeding subsequent to a verdict."

Appellant Bowling contends thirdly that his confession should not have been admitted into the evidence because it was not voluntarily given, as he alone testified. There was conflicting evidence as to the state of sobriety of said Appellant, which presented the age-old matters of the credibility of witnesses and the weight to be given to

the testimony. We do not recall any authorities, and none has been cited, which even indicate other than that such matters are left to the jury or to those who try and decide the facts.

In support of what we have said, we quote from *Randolph* v. *State* (1954) 234 Ind. 57, 122 N. E. 2d 860:

"Appellant has failed to sustain the burden of incompetency. The evidence on the hearing to determine the question of admissibility of the alleged confession was conflicting, and under such circumstances this court will not weigh the evidence, but will affirm the decision of the evidence, but will affirm the decision of the trial court if there is any substantial evidence of probative value to sustain it. Pearman v. State, Ind. Sup. 1954,[1] [sic] 117 N. E. 2d 362, supra; Marshall v. State, 1949, 227 Ind. 1, 10, 83 N. E. 2d 763."

*Matthews* v. *State* (1959) 239 Ind. 252, 156 N. E. 2d 387, held:

"The evidence in the record in this cause is in conflict as to whether the confessions or statements were voluntary or given when appellant was in fear, but as the trial court heard evidence on this subject and accorded appellant a full hearing on this matter, we are not able to disturb the trial court's ruling based on conflicting evidence that the statements were voluntarily made."

According to the record, Appellant Bowling was accorded a full hearing with conflicting testimony on the admissibility of his confession, after which the trial court, in the exercise of its discretion, sustained the offer of admission, after which it was for the jury to determine the validity and import of that which was contained therein.

We conclude from the record before us that both Appellants herein were accorded a fair and impartial trial; that no error has been demonstrated in this appeal; and, indeed, it appears that the entire record indicates a just and valid conviction of both Appellants of the crime of robbery, as charged.

---

1. 233 Ind. 111.

Judgment affirmed.

Hunter, C. J., Arterburn and Lewis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 230 N. E. 2d 439.