Shawn Anthony HENDRICKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 780S203.

Supreme Court of Indiana.

Oct. 2, 1981.

Harriette Bailey Conn, Public Defender of Indiana, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for postconviction relief. In November, 1977, three delinquency petitions were filed in Juvenile Court, Marion County, charging appellant, then seventeen years old, with three separate robberies committed while he was armed with a deadly weapon in violation of Ind.Code § 35–42–5–1. In one of the robberies the appellant was alleged to have stabbed the victim.

On December 13, 1977, after a hearing, the juvenile court waived jurisdiction over the appellant on all three charges and ordered him bound over to criminal court. On December 15, 1977, the appellant was charged by information with one count of robbery, a class A felony and one count of robbery, a class B felony. A third charge of robbery, a class B felony, was dismissed under the terms of a plea agreement. On April 14, 1978, appellant entered pleas of guilty to the two counts, but he withdrew the pleas and trial was set for June 17, 1978. Appellant then moved to withdraw the not-guilty pleas and entered pleas of guilty on June 8, 1978. The court accepted the pleas and later sentenced appellant to twenty years in prison on the class A felony count, and ten years on the class B felony count, the sentences to run concurrently.

Appellant filed a petition for post-conviction relief which was denied after a hearing.

Appellant raises three issues on appeal:

1. Whether the post-conviction court erred in determining that juvenile court acquired jurisdiction over him initially, and in determining that he was not denied ef-

fective assistance of counsel because of the failure to raise a jurisdictional issue.

2. Whether the post-conviction court erred in determining that appellant failed to prove his claim that he was denied effective assistance of counsel at the hearing on waiver from juvenile court to criminal court.

3. Whether the post-conviction court erred in its finding that appellant did not prove his claim that his guilty pleas were not knowingly, intelligently, and voluntarily made.

## I.

The post-conviction court made a finding that the petitions filed initially in juvenile court were properly verified. Appellant's first challenge to jurisdiction centers on the validity of the petitions requesting that juvenile court assume formal jurisdiction. The statute in effect when this case arose provided in pertinent part:

> When jurisdiction shall have been obtained by the 'court' in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto or is committed to a correctional or other state institution. A person subject to the jurisdiction of the juvenile court under this act may be brought before it by either of the following means and no other: .
>
> (a) By petition praying that the person be adjudged delinquent or dependent or neglected.... Ind.Code § 31–5–7–7 (Repealed, Acts 1978, P.L. 136, § 57).

Indiana Code § 31–5–7–8 (Repealed, Acts 1978, P.L. 136, § 57) provided that "such petition shall be verified".

Appellant argues that the petitions were fatally defective because they were not verified. The defects, he continues, prevented the juvenile court from acquiring jurisdiction initially and rendered the proceedings in juvenile court and in subsequent criminal proceedings a nullity.

Each petition begins:

To the Judge of the Juvenile Court of Marion County Indiana: Your petitioner ... respectfully represents to the court as follows....

and, after reciting information describing the child and his circumstances and his conduct deemed wrongful, closes with the following prayer, signature, and jurat:

> WHEREFORE, your petitioner prays that summons issue to said child_____, and to the said_____ requiring them to appear before the Marion County Juvenile Court, or the Judge thereof, and show cause why said child_____ should not be dealt with pursuant to the laws of the State of Indiana; and that the Court shall hear and determine the matters herein set forth and shall enter such judgment and orders as the Court may deem best and as will best serve the welfare of said child....
>
> Betty Funderburgh  /s/
> Petitioner
>
> Subscribed and sworn to before me, a Deputy Prosecutor, this 8 day of November, 1977.
>
> L. Craig Turner  /s/
> Deputy Prosecutor
> My Commission expires:12/31/78

We agree that the petitions were not verified as required by the statute. The *sine qua non* of a verified petition is that the person executing it affirm under the penalties for perjury, or state upon oath, before an official authorized to administer oaths, that the representations within the body of the petition are true. Ind.R.Tr.P. 11(B). Nothing on the face of these petitions evidences either of these requirements for proper verification.

We nevertheless hold that the juvenile court did acquire jurisdiction. We have held, in a criminal case in which an affidavit did not contain, as it was required to have done, the signature of the prosecuting witness, that the defect did not deprive the court of jurisdiction and that an objection to the defect should have been voiced immediately by a motion to quash or it would be deemed to have been waived. *Bowling v. State,* (1967) 248 Ind. 663, 230 N.E.2d 439.

The result in *Bowling* was based on the following provision in effect in Indiana since 1905:

> In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant. Ind.Code § 35–1–47–9.

Appellant has not shown that his substantial rights have been prejudiced.

■ The verification requirement serves to foreclose the bringing of frivolous petitions by imposing the penalties of perjury on the petitioner. If the appellant had objected at an early opportunity, the court indeed would have had to reject the petitions as insufficient and it could have afforded the probation department an opportunity to submit verified petitions. As it was, the case proceeded to the hearing on waiver to the criminal court during which sworn testimony of the alleged victims of the three alleged robberies was taken. This sworn testimony effectively served the purpose of assuring that the petition was not frivolous. There was no merit to the petitioner's contention that the juvenile court never acquired jurisdiction of the matter.

■ The post-conviction court made a finding of fact and conclusion of law that the juvenile court's pre-petition investigation was sufficient under the controlling statute, Ind.Code § 31–5–7–8 (Repealed). That statute provided in pertinent part that upon the court's receipt of information that there is within the county or residing within the county a dependent, neglected, or delinquent child

> the court shall, as far as possible, make preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged....

Appellant complains that an eight-line statement by a probation department officer at the pre-petition hearing was completely inadequate to satisfy the statutory requirements, citing a number of cases dealing with *pro forma* orders waiving jurisdiction to criminal court which were disapproved by the Court of Appeals following the dictates of *Summers v. State*, (1967) 248 Ind. 551, 230 N.E.2d 320.

Appellant argues that the reasoning in these cases as to the sufficiency of the waiver order should apply to the sufficiency of the pre-petition hearing. We agree that *pro forma* pre-petition hearings would be insufficient to invoke juvenile court jurisdiction, but we hold that the trial court did not err in determining that the pre-petition hearing in this case was sufficient. The probation officer told the court that the appellant had no previous referrals to the court, that he was a student at Howe High School in Indianapolis, that the Dean of Boys reported that there had been no behavior problems with appellant during the past school year, that he was one of five children at home, that his mother was employed by an anti-poverty program, and that appellant was employed in a program providing tutoring for younger children. The report supports the determination that the pre-petition hearing was sufficient.

■ Finally, concerning the question of whether the juvenile court initially acquired jurisdiction, appellant raises the claim that the three attorneys representing him in juvenile court and criminal court proceedings were ineffective for failing to raise the invalidity of the petitions as an attack on jurisdiction, citing *In Re Gault*, (1967) 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Since we have disposed of the jurisdiction question on the grounds that the unverified petitions were merely technical defects, we cannot say that counsels' failure to raise the issue denied him his right to competent counsel at each stage of the proceedings.

## II.

■ The post-conviction court made a finding of fact and conclusion of law that

appellant was not denied effective assistance of counsel during the hearing on waiver of jurisdiction to criminal court. Appellant contends that the failure of his counsel to present evidence in his behalf at the waiver hearing denied him his only opportunity to remain in the juvenile court system. At the time appellant was charged in juvenile court, the statute governing waiver from juvenile court provided in pertinent part:

Whenever a child sixteen years of age or older is charged with any of the following offenses which would amount to a crime if committed by an adult . . . commission of a felony while armed, inflicting injury in the commission of a felony . . . the juvenile court upon motion by the prosecuting attorney shall . . . waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of the offense if committed by an adult, unless the court finds that either:

1.  there is probable cause to believe the offense does not have specific prosecutive merit; or

2.  it would be in the best interest of the child and of public welfare and public security for the juvenile to remain with the regular statutory juvenile system. Ind.Code § 31-5-7-14(b) (Repealed).

Appellant contends that the evidence presented at the post-conviction hearing is undisputed that his counsel neither produced nor investigated the possibility of producing any evidence tending to rebut the "presumption of waiver". Counsel testified that she felt that waiver was inevitable. Appellant contends that the decision of counsel not to produce evidence at the waiver hearing rendered the hearing a mockery of justice and that he should be permitted to present evidence supporting the proposition that jurisdiction should remain in juvenile court. There is a strong presumption that an attorney is competent, and a petitioner must introduce strong and convincing proof to overcome the presumption. *Cushman v. State*, (1978) 269 Ind. 68, 378 N.E.2d 643. This Court has consistently refused to abandon the "mockery of justice" standard as modified by the "adequate legal representation" standard of *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919, in determining competency of counsel:

Incompetency of counsel revolves around the particular facts of each case, and what the attorney did or did not do must have made the proceedings a mockery of justice shocking to the conscience of the reviewing court to constitute incompetence. This court will not second-guess tactics or strategy of a particular attorney in a particular case. *Dull v. State*, (1978) 267 Ind. 549, 552, 372 N.E.2d 171, 173.

See also, *Merida v. State*, (1979) Ind., 383 N.E.2d 1043.

■ Counsel's judgment that waiver was likely was reasonable in view of the seriousness of the charges. Moreover, at the waiver hearing, counsel cross-examined the State's witnesses about the alleged offenses and presented the argument that since this was appellant's first referral to the juvenile court system, the court should retain jurisdiction of the charges. The trial court did not err in its conclusion that appellant was not denied effective assistance of counsel.

### III.

The post-conviction hearing court determined that appellant failed to prove his claim that his guilty pleas were not made knowingly, intelligently, and voluntarily.

■ At the post-conviction hearing, appellant testified that he was under the influence of the drug Thorazine at the time he entered his guilty pleas. In a proceeding for post-conviction relief, the petitioner has the burden of establishing his case by a preponderance of the evidence. Ind.R.P.C. 1, § 5. In order to prevail on appeal from a denial of his petition, "appellant must satisfy the Court that the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215.

The transcript of the guilty plea hearing shows that the trial judge questioned appellant thoroughly about his understanding of the consequences of a guilty plea. Appellant gave a coherent and accurate description of a jury when asked if he understood that he would be giving up his right to a trial by jury. His other responses support the conclusion that he entered his plea knowingly, intelligently, and voluntarily. The post-conviction judge was not required to believe appellant's statement that he was under the influence of a tranquillizing drug. The court's finding is supported by the evidence.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.