Louis C. JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 47S00–8601–CR–5.

Supreme Court of Indiana.

Jan. 12, 1988.

Ray Warren Robison, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted of Robbery, a Class C felony, for which he received a sentence of eight (8) years and Conspiracy to Commit Robbery, a Class C felony, for which he received a sentence of twenty (20) years, the sentences to run concurrently.

Appellant's original conviction was reversed by this Court. *Jones v. State* (1984), Ind., 467 N.E.2d 1179. Upon retrial, appellant was again convicted and this appeal resulted.

The facts are: On January 28, 1982, Ray Pierce, the manager of a Swifty Service Station, near Bedford, Indiana, was robbed of approximately $170 by an armed man wearing a stocking mask over his head. Police investigation disclosed that Brad Bartlett, Mark Pridemore, and appellant had committed the robbery. Bartlett and Pridemore were arrested and gave statements implicating appellant. Appellant's girl friend also gave a statement implicating him. All three testified against appellant at trial.

Appellant claims the court erred when it overruled his motion for a change of venue from the judge and from the county and his motion for disqualification of the prosecutor and appointment of a special prosecutor. Both requests were made in a single consolidated motion which was not verified as required by Ind.R.Cr.P. 12 as far as the change of venue was concerned or Ind.Code § 33–14–1–6 as far as the motion for special prosecutor was concerned. Appellant apparently attempted to comply with Ind.R.Tr.P. 11(B) which provides in part as follows:

> "When in connection with any civil or special statutory proceeding[,] it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation in substantially the following language:
>
> 'I (we) affirm, under penalties of perjury, that the foregoing representation(s) is (are) true.
>
> (Signed)_____,' "

However, in his attempted affirmation, appellant simply stated: "I hereby affirm that the above is true and correct, all to my

own information, knowledge and personal belief." Appellant's attempted affirmation does not comply with the rule in that it contains no statement that the affirmation is made under penalties of perjury. *See Hendricks v. State* (1981), Ind., 426 N.E.2d 367.

The trial court was correct in denying the consolidated motions.

■ Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 3, which reads as follows:

"Members of the jury, I instruct you that if the testimony in this case, in its weight and effect, be such that two conclusions can be reasonably drawn from it, the one favoring the defendant's, Louis C. Jones, innocence and the other tending to establish his guilt, you then must find Louis C. Jones not guilty."

Appellant recognizes that it is not error to refuse to give an instruction that is covered by other instructions. *Smith v. State* (1984), Ind., 468 N.E.2d 512. The substance of appellant's tendered instruction was covered by the court's Instruction No. 3 which covered the presumption of innocence, the duty to find the facts beyond a reasonable doubt and the absence of burden of proof upon the appellant. The court gave its Instruction No. 5 defining reasonable doubt. The court also gave appellant's Tendered Instruction No. 4, which instructed the jury that if after considering all of the evidence they entertained a reasonable doubt of the guilt of appellant, it was their duty to acquit him. Thus the subject matter covered by appellant's Tendered Instruction No. 3 was fully covered by instructions given by the court. There was therefore no error in refusing appellant's Tendered Instruction No. 3.

■ Appellant claims the trial court erred in sentencing him to a term of twenty (20) years on the conviction of Conspiracy, a Class C felony, in that twenty (20) years exceeds the maximum allowed by Ind.Code § 35–50–2–6, which provides that one who commits a Class C felony shall be imprisoned for a fixed term of five (5) years to which may be added three (3) years for aggravating circumstances.

When this case was remanded to the trial court for the second trial, the prosecuting attorney moved to amend Count I, which was the Armed Robbery charge, by striking the words "threatening Ray Pierce with a deadly weapon, to-wit: a gun" and by inserting in lieu thereof, the words "placing Ray Pierce in fear." By so amending Count I, the charge was reduced to Robbery, a Class C felony. In view of this amendment, the trial court furnished verdict forms to the jury correctly showing the Robbery to be a Class C felony and the Conspiracy to Commit Robbery also to be a Class C felony. The verdicts were returned accordingly.

In sentencing appellant on the verdicts, the trial court correctly sentenced him to five (5) years enhanced by three (3) years on the Class C, Robbery, conviction. Ind. Code § 35–41–5–2 provides in part: "A conspiracy to commit a felony is a felony of the same class as the underlying felony." In the case at bar, the conspiracy count alleged a conspiracy to commit the charged robbery. It was therefore error to impose a Class B felony for such conviction.

This case is remanded to the trial court with instructions to re-sentence appellant on the Conspiracy conviction as a Class C felony.

The trial court is in all other respects affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.