Lorenzo A. TAYLOR, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0912–CR–1212.

Court of Appeals of Indiana.

June 29, 2010.

Lawrence D. Newman, Newman & Newman, P.C., Noblesville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Lorenzo A. Taylor appeals his convictions for dealing in cocaine as a Class B felony and conspiracy to commit dealing in cocaine as a Class A felony. We affirm in part, reverse in part, and remand.

### Issues

Taylor raises two issues, which we restate as:

I. whether the trial court erred by refusing his proposed instruction and by submitting the conspiracy charge to the jury as a Class A felony; and

II. whether his convictions for dealing in cocaine as a Class B felony and conspiracy to commit dealing in cocaine as a Class A felony violate the prohibition against double jeopardy.

## Facts

On January 16, 2008, Brandy Towle agreed to provide cocaine to a confidential informant of the Hamilton County Drug Task Force. Towle, Taylor, and another man went to the confidential informant's residence, which was within 1000 feet of an elementary school, and provided cocaine to the confidential informant. Towle handed the money to Taylor, who counted it, and put the money in his pocket.

The State charged Taylor with dealing in cocaine as a Class A felony and conspiracy to commit dealing in cocaine as a Class A felony. The dealing charge alleged that Taylor "did knowingly deliver cocaine within one thousand (1000) feet of school property, to-wit: North Elementary School, 440 N. 10th Street, Noblesville, Indiana." App. p. 9. The conspiracy charge alleged that Taylor:

with the intent to commit a felony, did conspire to commit a felony, by agreeing with Brandy Sue Towle to knowingly deliver cocaine within one thousand (1000) feet of school property ... and did commit an overt act in furtherance of the conspiracy, to-wit: appearing with Towle at the location where the delivery of cocaine was to take place.

*Id.* at 39.

At the jury trial, Taylor moved for a directed verdict and requested that the charges be reduced to Class B felonies. He argued that the defense in Indiana Code Section 35–48–4–16(b)[1] applied because he was briefly within the 1,000 feet area and no children were in the area. The State agreed that the defense applied to the dealing in cocaine charge and that the dealing in cocaine charge should be presented to the jury as a Class B felony rather than a Class A felony. However, the State argued that the conspiracy charge should remain a Class A felony. The trial court ruled that the defense did not apply to the conspiracy to commit dealing in cocaine charge. The trial court also refused Taylor's proposed instruction number six, which applied the defense in the context of the conspiracy to commit dealing in cocaine charge. Thus, the trial court submitted the conspiracy charge to

1. Indiana Code Section 35–48–4–16 provides, in part:
   (a) For an offense under this chapter [Indiana Code Chapter 35–48–4] that requires proof of:
   (1) delivery of cocaine, a narcotic drug, methamphetamine, or a controlled substance;
   (2) financing the delivery of cocaine, a narcotic drug, methamphetamine, or a controlled substance; or
   (3) possession of cocaine, narcotic drug, methamphetamine, or controlled substance;
   within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center, the

person charged may assert the defense in subsection (b) or (c).
(b) It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that:
(1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and
(2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.

the jury as a Class A felony. The jury found Taylor guilty of dealing in cocaine as a Class B felony and conspiracy to deal in cocaine as a Class A felony. Taylor now appeals.

## Analysis

### I. *Taylor's Tendered Jury Instruction*

■ The first issue as framed by Taylor is whether the trial court erred by refusing Taylor's proposed instruction and by submitting the conspiracy charge to the jury as a Class A felony. When a party has challenged a trial court's refusal of a tendered jury instruction, we perform a three-part evaluation. *Walden v. State*, 895 N.E.2d 1182, 1186 (Ind.2008). First, we ask whether the tendered instruction is a correct statement of the law. *Id.* Second, we examine the record to determine whether there was evidence present to support the tendered instruction. *Id* Third, we determine whether the substance of the tendered instruction was covered by another instruction or instructions. *Id.* "This evaluation is performed in the context of determining whether the trial court abused its discretion when it rejected the instruction." *Id.*

■ Taylor tendered a proposed jury instruction, which provided that the defense found in Indiana Code Section 35–48–4–16 was applicable to the conspiracy to commit dealing in cocaine charge. The trial court rejected the proposed instruction, ruling that it was an incorrect statement of the law.

The State argues that the defense found in Indiana Code Section 35–48–4–16(b) does not apply because the defense applies only to persons charged under Indiana Code Chapter 35–48–4. Although the offense of dealing in cocaine is governed by Indiana Code Section 35–48–4–1 and falls under that chapter, the offense of conspiracy is governed by Indiana Code Section

35–41–5–2. Thus, according to the State, the defense does not apply to conspiracy to commit dealing in cocaine.

Based upon our review of the pertinent statutes, we reach a different conclusion. Indiana Code Section 35–41–5–2 defines the offense of conspiracy and states that "[a] conspiracy to commit a felony is a felony of the same class as the underlying felony." Here, the State agreed that the dealing in cocaine charge should be a B felony rather than an A felony. Although the conspiracy charge was based on the same transaction and underlying felony, the conspiracy charge was not similarly reduced to a B felony.

In *Jones v. State*, 517 N.E.2d 405 (Ind. 1988), our supreme court addressed a similar situation. There, the defendant was convicted of Class C felony robbery, Class A misdemeanor conversion, and Class B felony conspiracy to commit armed robbery. Our supreme court reversed on other grounds and ordered a new trial. *Jones v. State*, 467 N.E.2d 1179 (Ind.1984). At the retrial, the defendant was convicted of Class C felony robbery and Class C felony conspiracy to commit robbery. Although the conspiracy conviction was a Class C felony, the trial court sentenced the defendant as though it were a Class B felony conviction. On the second appeal to our supreme court, the court noted:

When this case was remanded to the trial court for the second trial, the prosecuting attorney moved to amend Count I, which was the Armed Robbery charge, by striking the words "threatening Ray Pierce with a deadly weapon, to-wit: a gun" and by inserting in lieu thereof, the words "placing Ray Pierce in fear." By so amending Count I, the charge was reduced to Robbery, a Class C felony. In view of this amendment, the trial court furnished verdict forms to the jury correctly showing the Robbery

to be a Class C felony and the Conspiracy to Commit Robbery also to be a Class C felony. The verdicts were returned accordingly.

In sentencing appellant on the verdicts, the trial court correctly sentenced him to five (5) years enhanced by three (3) years on the Class C, Robbery, conviction. Ind.Code § 35–41–5–2 provides in part: "A conspiracy to commit a felony is a felony of the same class as the underlying felony." In the case at bar, the conspiracy count alleged a conspiracy to commit the charged robbery. It was therefore error to impose a Class B felony for such conviction.

*Jones,* 517 N.E.2d at 407.

Similarly, here, although the State agreed that the dealing in cocaine charge should be presented to the jury as a Class B felony, the conspiracy charge, which was based on the same underlying felony, was presented to the jury as a Class A felony. We conclude that it was error to present the conspiracy charge to the jury as a Class A felony rather than a Class B felony. If the jury had been properly instructed, Taylor would only have been convicted of conspiracy to commit dealing in cocaine as a Class B felony. Taylor does not otherwise argue there is insufficient evidence to convict him of Class B felony conspiracy to commit dealing in cocaine. We reverse and remand to the trial court with instructions to enter Taylor's conspiracy conviction as a Class B felony and to resentence him.

## II. *Double Jeopardy*

■ Next, Taylor argues that his convictions for dealing in cocaine as a Class B felony and conspiracy to commit dealing in cocaine as a Class A felony violate the prohibition against double jeopardy. Having reduced the conspiracy conviction to a Class B felony, we will consider whether Taylor's convictions for dealing in cocaine

as a Class B felony and conspiracy to commit dealing in cocaine as a Class B felony violate the prohibition against double jeopardy.

Our supreme court has held that "[c]onviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished" violates the prohibition against double jeopardy. *Grinstead v. State,* 845 N.E.2d 1027, 1037 (Ind.2006) (quoting *Richardson v. State,* 717 N.E.2d 32, 56–57 (Sullivan, J., concurring)). Here, the overt act alleged in the conspiracy charge was that Taylor "appear[ed] with Towle at the location where the delivery of cocaine was to take place." App. p. 39. The dealing in cocaine charged alleged that Taylor "did knowingly deliver cocaine...." *Id* at 9. Thus, the overt act was not same act alleged in the dealing in cocaine charge, and Taylor's convictions and sentences for both charges do not violate the prohibition against double jeopardy. *See, e.g., Grinstead,* 845 N.E.2d at 1038 (holding that the defendant's convictions for conspiracy to commit murder and murder did not violate double jeopardy where the overt acts were not the same act alleged in the murder charge).

### Conclusion

The charge for conspiracy to commit dealing in cocaine should have been submitted to the jury as a Class B felony rather than a Class A felony. We reverse and remand to the trial court with instructions to enter Taylor's conspiracy conviction as a Class B felony and to resentence him. However, Taylor's convictions and sentences for both dealing in cocaine and conspiracy to commit dealing in cocaine do not violate the prohibition against double jeopardy. We affirm in part, reverse in

part, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and MAY, J., concur.