**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**MARK A. BATES**
Schererville, Indiana

ATTORNEY FOR APPELLEES:

**JOHN R. CRAIG**
Craig Ward & Maroc, LLC
Crown Point, Indiana



FILED

Aug 15 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FLOOR MART OF INDIANA, INC., | ) | |
| ANNESSE M. COVEY, CHERLY C. COVEY, | ) | |
| and WILLIAM COVEY, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1111-PL-501 |
| | ) | |
| NORMAN FISCHER and JULIE FISCHER, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas C. Higgins, Judge Pro Tempore
Cause No. 45D11-1002-PL-18

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

The appellants, Floor Mart of Indiana, Inc. ("Floor Mart"), Annesse M. Covey, Cheryl C. Covey, and William Covey (collectively "the Defendants") appeal the summary judgment order entered in favor of Norman Fischer and Julie Fischer ("the Fischers") claiming that the designated materials were insufficient to support the summary judgment.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On May 12, 2006, the Fischers entered into a contract with Floor Mart, which was owned by Cheryl and William Covey, for the purchase of flooring materials. The total amount of the materials set forth in the contract was $33,452.92. The Fischers paid the full amount of the cost of the materials set forth in the contract. Floor Mart failed to deliver or install the flooring and was administratively dissolved.

The Fischers filed their complaint for fraud against the Defendants alleging that each of the Defendants made false statements which the Fischers relied upon to their detriment. The Fischers moved for summary judgment and designated the affidavit of Norman Fischer, their purchase agreement with Floor Mart, and "Correspondence from Defendants to Plaintiffs" in support of their motion. The Defendants did not respond or designate additional materials.

Following a hearing, the trial court granted the motion for summary judgment and found that the Fischers had sustained actual damages of $33,452.00, had established all of the elements of fraud, and were entitled to judgment for the recovery of their attorney fees in the amount of $11,606.52 and treble damages for a total damage award in the amount of $111,962.52. The Defendants now appeal.

2

## DISCUSSION AND DECISION

Indiana Trial Rule 56 sets forth the summary judgment procedure followed in Indiana.

Paragraph (C) of the rule provides in applicable part:

> At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Ind. Trial Rule 56(C). Paragraph (E) sets forth the form for affidavits supporting or opposing the motion. It provides in applicable part:

> *Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.* Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

T.R. 56(E) (emphasis added.)

Finally, Trial Rule 11 sets forth the requirements for affidavits. Paragraph (C) requires that, "Affidavits upon motions for summary judgment under Rule 56 . . . shall be made upon personal knowledge," and paragraph (B) states:

> When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:
>
> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

3

(Signed) _____"

> Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

T.R. 11(B).

The importance of compliance with these rules was set out by this court in *Tannehill ex rel. Podgorski v. Reddy,* 633 N.E.2d 318 (Ind. Ct. App. 1994), *trans. denied*:

> In the determination about whether a genuine issue of material fact is present, the trial court faced with a motion for summary judgment is necessarily concerned about matters which may serve as evidence, that is, matters which may be taken as true if the case goes to trial. *See generally, Holloway v. Giganti, Inc.* 540 N.E.2d 97, 98-99 (Ind. Ct. App. 1989) (for summary judgment purposes, documents attached to answers to interrogatories and to the respective motions and response, which are not sworn statements, certified copies, or verified by affidavit, do not qualify for consideration). Affidavits used for summary judgment purposes do not serve merely to invoke judicial power and are not merely pledges of good faith but are evidential in nature. *See, e.g., Lee v. Schroeder*, 529 N.E.2d 349, 352 (Ind. Ct. App. 1988), *trans. denied* (a court should disregard any inadmissible information contained in an affidavit [used for summary judgment purposes] ); *Yang* [*v. Stafford*]*,* 515 N.E.2d [1157,] 1162 [(Ind. Ct. App. 1987)] (under T.R. 56(E), it is not necessary that the facts presented by affidavit be sufficient to support a verdict; rather, they need only be admissible as evidence). Therefore, the affidavits used in conjunction with summary judgment determinations should be subject to the penalties for perjury.

*Id.* at 321.

Here, the affidavit of Norman Fischer that was designated in support of the motion for summary judgment fails to conform to the above rules in two vital ways. First, the affidavit was not made on personal knowledge. Rather, it states facts "to the best of Plaintiffs [sic] knowledge and belief" and that such facts "are true and accurate to the best of my knowledge and belief." *Appellants' App*. at 43-44. Second, it was not made under the penalties of

4

perjury. *Id*. In *Jones v. State*, 517 N.E.2d 405, 406-07 (Ind. 1988), our Supreme Court held that an affidavit in which affiant simply stated: "I hereby affirm that the above is true and correct, all to my own information, knowledge and personal belief" did not comply with Rule 11 because it contained no statement that the affirmation was made under penalties of perjury. *See also Hendricks v. State*, 426 N.E.2d 367, 369 (Ind. 1981).

The trial court erred in considering the affidavit in support of the Fischers' motion for summary judgment because it was not made upon personal knowledge or under the penalties of perjury. In the absence of the affidavit, the materials designated by the Fischers in support of their motion were insufficient to demonstrate the absence of material facts regarding elements of the fraud claim, including the falsity of the alleged false statements, the materiality of such statements, and the Defendants' intent to deceive. As a result, the trial court erred in granting the motion for summary judgment. We reverse its judgment and remand for further proceedings.

Reversed and remanded.

NAJAM, J., and MAY, J., concur.